[Cite as *State v. Woten*, 2013-Ohio-1394.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-12-40

    v.

ASHLEY N. WOTEN,                    O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Allen County Common Pleas Court
Trial Court No. CR2011 0419

Judgment Affirmed

Date of Decision:   April 8, 2013


APPEARANCES:

    *Todd D. Wolfrum*  for Appellant

    *Jana E. Emerick*  for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Ashley N. Woten, appeals the Allen County Court of Common Pleas' judgment entry finding her in violation of her community control and imposing a one-year term of imprisonment consecutive to a one-year term of imprisonment Woten was serving in a related case out of Van Wert County with credit for 132 days. We affirm.

{¶2} On December 12, 2011, Woten waived her right to an indictment, and the State filed a bill of information charging her with one count of receiving stolen property in violation of R.C. 2913.51(A), a fifth degree felony. (Doc. Nos. 3-4). The Allen County charges stem from Woten being subsequently caught with credit cards belonging to Lima Painting and Sandblasting, which was the victim of a breaking and entering offense. (Jan. 25, 2012 Tr. at 3).[1]

{¶3} Also on December 12, 2011, the trial court held a hearing on the bill of information, and Woten entered a plea of guilty pursuant to a plea agreement. (Doc. Nos. 8-9). In exchange for Woten's guilty plea, the State asked for a pre-sentence investigation ("PSI") report, requested that sentencing occur after December 21, 2011 when Woten was to be sentenced in Van Wert County, and the State would consider Woten for placement in the WORTH center. (Doc. No. 8).

---

[1] Apparently, Woten and her boyfriend, Colt Morris, stole from businesses located in Adams County, Indiana, Van Wert County, and Allen County, including a business owned by Morris' family to support their heroin addiction. As a result, Woten had charges/cases in all three jurisdictions pending/proceeding around the same time. (*See* Jan. 25, 2012 Tr. at 4, 7; May 2, 2012 Tr. at 8; Aug. 27, 2012 Tr. at 7); (*See also* PSI).

(Dec. 12, 2011 Tr. at 5). The trial court accepted Woten's plea of guilty, ordered a PSI, and set sentencing for January 25, 2012. (Dec. 12, 2011 Tr. at 12-13).

{¶4} On January 25, 2012, the trial court held a sentencing hearing. The State remained silent as the parties agreed. (Jan. 25, 2012 Tr. at 2). The trial court sentenced Woten to three years of community control, to commence upon her release from the term of imprisonment imposed in Van Wert County,[2] and referred Woten to the WORTH center. (*Id.* at 15); (Doc. No. 13). The trial court also notified Woten that it would impose a one-year term of imprisonment if she violated her community control. (Jan. 25, 2012 Tr. at 15-16). Woten was given 84 days credit for time served. (*Id.* at 16); (Doc. No. 13).

{¶5} On April 18, 2012, the State filed a motion to revoke Woten's community control, alleging that, on February 22, 2012, she failed to report to the Adult Parole Authority as ordered and, on or about February 20, 2012, changed her residence without informing her supervising officer and her whereabouts had been unknown since that date. (Doc. No. 17).[3]

{¶6} On May 2, 2012, the trial court held a hearing on the motion, and Woten admitted to the violations. (May 2, 2012 Tr. at 1-3). The trial court

---

[2] During the hearing, Woten indicated that Van Wert County imposed a one-year term of imprisonment, but the trial court judge indicated that he would grant her judicial release after she served 90 days. (Jan. 25, 2012 Tr. at 13).

[3] For a violation of community control to occur, Woten must have been released from her term of imprisonment out of Van Wert County as she had represented at the Jan. 25, 2012 hearing in Allen County. It appears from the record that the Van Wert County trial court placed Woten on three years of community control after granting her judicial release. *See* R.C. 2929.20(K); (May 2, 2012 Tr. at 4, 11, 14).

accepted Woten's admissions, found her in violation of her community control, and ordered that her community control be continued concurrent with the community control in Van Wert County. (May 2, 2012 Tr. at 2-3, 11-12).[4] During the hearing, the State indicated that Woten had a warrant on a felony case out of Adams County, Indiana, which disqualified her from the WORTH program and, therefore, she could not successfully complete the conditions of her community control. (*Id*. at 4-6). To address this issue, the trial court ordered that Woten be returned to Van Wert County and ordered that the Adams County, Indiana authorities be notified to pick up Woten to dispose of their case. (May 3, 2012 JE, Doc. No. 25). The trial court further ordered that Woten's community control would commence upon her release from any term of imprisonment imposed by Adams County, Indiana or concurrent with any community control imposed there. (*Id*.). Finally, the trial court ordered that Woten's local jail time credit cease as of May 2, 2012 until her Adams County, Indiana case was resolved. (*Id*.).

{¶7} On August 23, 2012, the State filed a second motion to revoke Woten's community control for her failure to enter and complete the WORTH program. (Doc. No. 33).

---

[4] *See* Fn. 3, *supra*.

{¶8} On August 27, 2012, the trial court held a hearing on the motion. Woten admitted that she had failed to enter and complete the WORTH program, but the trial court noted that she was ineligible to enter the program due to her still-pending case in Adams County, Indiana. (Aug. 27, 2012 Tr. at 1-2). The State recommended that, in light of the fact that Woten was unable to fulfill the conditions of her community control and Van Wert County had since re-imposed its prison sentence for this same reason, the trial court impose a prison term. (*Id*. at 3). After it became clear that Woten's Adams County, Indiana case was still pending, the trial court revoked its previous order of community control and imposed a one-year term of imprisonment to be served consecutive to the term of imprisonment imposed in Van Wert County, Ohio, with credit for 132 days. (*Id*. at 9-10); (Doc. No. 37).

{¶9} On September 24, 2012, Woten filed a notice of appeal. (Doc. No. 43). Woten now appeals raising two assignments of error for our review.

### Assignment of Error No. I

**The trial court erred by not giving the Defendant-Appellant full credit for the jail time she had served under the trial court's order in another jurisdiction.**

{¶10} In her first assignment of error, Woten argues that the trial court erred by failing to give her jail time credit from May 10, 2012 to August 27, 2012 (109 days) for time she was concurrently held by Van Wert and Allen Counties.

Woten argues that after she posted bond on her Indiana case on May 11, 2012, she petitioned the Van Wert County Court of Common Pleas for work release. According to Woten, the Van Wert County trial court originally granted the motion, but then denied the motion finding that she was being held by Allen County as well. She further argues that Allen County subsequently denied the work release motion she had filed in that court thereafter. Woten argues that, if Allen County could deny her work release it was obviously holding her concurrently with Van Wert from May 10, 2012 forward, and she should be given credit for this time in Allen County.

{¶11} R.C. 2967.191 governs a defendant's right to jail-time credit, and, in pertinent part, provides:

> The department of rehabilitation and correction shall reduce the
>
> stated prison term of a prisoner * * * by the total number of days that
>
> the prisoner was confined for any reason arising out of the offense
>
> for which the prisoner was convicted and sentenced * * *.

{¶12} While the Adult Parole Authority has the duty to grant jail time credit, the trial court has the duty to properly calculate the number of days to be credited. *State v. Pitts*, 3d Dist. No. 1-06-106, 2007-Ohio-5197, ¶ 15, quoting *State v. Eaton*, 3d Dist. No. 14-04-53, 2005-Ohio-3238, ¶ 9. *See also State v. Dailey*, 3d Dist. No. 8-10-01, 2010-Ohio-4816, ¶ 24. However, a defendant is

only entitled to jail-time credit for confinement that is related to the offense for which he is being sentenced. *Dailey* at ¶ 25, citing *State v. Daughenbaugh*, 3d Dist. No. 16-09-05, 2009-Ohio-3823, ¶ 18.

{¶13} Woten's arguments rely upon documents attached to her brief purportedly from the Van Wert County Court of Common Pleas; however, these documents are not part of the record for appeal purposes, and we cannot consider them. *See* App.R. 9(A); *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, ¶ 4 (1st Dist.).

{¶14} The trial court's May 2, 2012 judgment entry continued Woten's community control for three years concurrent with the community control in Van Wert County. (Doc. No. 25). The entry further indicated that Woten was to be delivered back to Van Wert County; that Adams County, Indiana was to be notified to pick up Woten to dispose of her case there; and, Woten's community control would commence after any sentence imposed in Indiana or concurrent with any community control imposed in Indiana. (*Id.*).

{¶15} Woten alleges in her brief that, after the May 2, 2012 community control violation hearing in Allen County, she was arraigned in Adams County, Indiana and subsequently returned to the Van Wert County jail on May 10, 2012 where she served concurrent jail time. The record on appeal is unclear what occurred after the May 2, 2012 hearing concerning the Adams County, Indiana

case or the Van Wert County case. The record only speaks to what occurred in Allen County. It is not clear how many days Woten was held in Adams County, Indiana following the May 2, 2012 hearing.

{¶16} An appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 (1980). When the record on appeal fails to demonstrate appellant's assigned errors, we must presume the regularity and validity of the lower court's proceedings, and affirm. *Id*. Woten failed to raise the issue of jail-time credit during the sentencing hearing below, and, as a result, the record was never fully developed on that issue. Therefore, we must presume the regularity and validity of the trial court's jail-time credit calculation, and affirm. *Knapp*; *State v. Woodward*, 2nd Dist. No. 24483, 2012-Ohio-632.

{¶17} Woten's first assignment of error is, therefore, overruled.

### Assignment of Error No. II

**The trial court erred as a matter of law by sentencing Defendant-Appellant to a sentence consecutive to the sentence she received in Van Wert County when initially running the sentences concurrent and where no further fault of the Defendant had been committed.**

{¶18} In her second assignment of error, Woten argues that the trial court abused its discretion by imposing its sentence consecutive to the sentence imposed in Van Wert County.

{¶19} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶20} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶21} Woten argues that the trial court abused its discretion by imposing its one-year term of imprisonment consecutive to that imposed by Van Wert County since it had previously imposed community control concurrent with Van Wert County. We disagree. The trial court imposed community control consecutive with Van Wert County for the purpose of allowing Woten to dispose of the Adams County, Indiana case, which she failed to do. The trial court's decision to run the community control concurrent was after the first violation of community control; whereas, the subsequent decision to run the sentences consecutive was after a second violation of community control. Woten's conviction in Allen County also stemmed from a separate incident involving a different victim than her Van Wert County conviction. Beyond that, by the time of the Allen County sentencing hearing, Woten only had 64 days left on the Van Wert County sentence, and Woten was given 132 days credit toward her Allen County sentence, leaving her with a combined total of 297 more days to serve. (*See* Aug. 27, 2012 Tr. at 9). According to the PSI, Woten also had a previous 2006 conviction for burglary, a third degree felony, for which she was sentenced to two years of probation, which she subsequently violated for testing positive for drugs. (PSI). Based upon our review of the entire record, we cannot conclude that the trial court abused its discretion by ordering that Woten's one-year term of imprisonment be served consecutive to that imposed by Van Wert County.

**{¶22}** Woten's second assignment of error is, therefore, overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**