[Cite as *State v. Wilson*, 2013-Ohio-5195.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  7-12-25

      v.

MICHAEL R. WILSON,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 11-CR-0089

**Judgment Affirmed**

Date of Decision:   November 25, 2013

APPEARANCES:

     *Robert E. Searfoss, III* for Appellant

     *J. Hawken Flanagan*  for Appellee

Case No. 7-12-25

**SHAW, J.**

{¶1} Defendant-appellant Michael R. Wilson ("Wilson") appeals the December 21, 2012, judgment entry of the Henry County Common Pleas Court sentencing Wilson to an aggregate prison term of 25 years following Wilson's guilty pleas to five counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4)(C)(2), all felonies of the third degree.

{¶2} The facts relevant to this appeal are as follows.[1] Over a period of time spanning roughly from February 2011 to November 2011, Wilson engaged in sexual contact with a 7-year-old girl.[2] The victim and her parents were living with Wilson at the time. When the victim's parents were away on the weekends, Wilson would watch the victim and play "house" with her, engaging in sexual contact.

{¶3} On November 30, 2011, Wilson was indicted for five counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4)(C)(2), all felonies of the third degree, and one count of Rape in violation of R.C. 2907.02(A)(1), a felony of the first degree. All of the counts of Gross Sexual Imposition alleged that the victim was less than 13 years of age, and the single count of Rape alleged that the victim was, in fact, less than 10 years of age. (*Id.*)

---

[1] The facts are compiled from the Indictment, the plea hearing, the sentencing hearing, and the pre-sentence investigation.

[2] The pre-sentence investigation specifies that the victim in this case was 7 years old when the crimes took place. The record establishes that the victim was 8 years old during the court proceedings.

{¶4} On December 5, 2011, Wilson was arraigned and pled not guilty to the charges. (Doc. 10).

{¶5} On April 16, 2012, Wilson filed a "Motion to Determine Competency of Alleged Victim." (Doc. 26).

{¶6} On April 27, 2012, a hearing was held to determine the victim's competency. An interview was conducted with the victim, who was 8 years old at the time, and it was ultimately determined that the victim was competent, and that she would be permitted to testify at trial. (Doc. 32).

{¶7} On October 10, 2012, a change-of-plea hearing was held wherein, pursuant to a written negotiated plea agreement, Wilson pled guilty to all five counts of Gross Sexual Imposition as charged in the indictment, and the State dismissed the Rape charge against Wilson. At the hearing, the court engaged in a Crim.R. 11 dialogue with Wilson and then ultimately accepted Wilson's guilty pleas as knowingly, intelligently, and voluntarily entered. The trial court ordered a pre-sentencing investigation and set the matter for a sentencing/sex offender classification hearing.

{¶8} On December 17, 2012, a sentencing/sex offender classification hearing was held. At the hearing, the trial court informed Wilson that he was designated as a Tier II sex offender. The court then proceeded to sentencing. During the sentencing hearing, the State argued that the victim of the crimes was 8

years old, that the victim had suffered significant psychological issues as a result of the crimes, and that Wilson's relationship with the victim facilitated the offense. As a result, the State contended that Wilson should serve the maximum sentence on each of the five counts (5 years), and that those prison terms should run consecutively for an aggregate sentence of 25 years in prison.

{¶9} Defense counsel then spoke in mitigation of sentence, stating that Wilson had no prior criminal history, that Wilson was abused as a child, that Wilson did not understand due to his prior abuse that what he was doing was wrong, and that Wilson fell apart after his wife died. (Dec. 17, 2012, Tr. at 7-10). Wilson then made a statement apologizing for what he had done. (*Id*. at 11-12).

{¶10} Ultimately, the trial court sentenced Wilson to five years in prison on each count of Gross Sexual Imposition, to be served consecutively, for an aggregate prison sentence of 25 years. A judgment entry memorializing this sentence was filed December 21, 2012. (Doc. 53).

{¶11} It is from this judgment that Wilson appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ABUSED ITS DISCRETION SENTENCING APPELLANT TO THE MAXIMUM OF FIVE YEARS IN PRISON FOR FIVE CONSECUTIVE TERMS.**

{¶12} In Wilson's assignment of error, he argues that the trial court erred in sentencing him to the maximum prison term of five years on each of five counts of

Gross Sexual Imposition to be served consecutively for a prison term of 25 years. Specifically, Wilson contends that the trial court improperly weighed the mitigating factors of the seriousness of the offenses, and did not take "into account the other factors which pointed to an extreme unlikelihood of recidivism." (Appt.'s Br. at 5).

{¶13} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *E.g. State v. Woten*, 3d. Dist. Allen No. 1-12-40, 2013-Ohio-1394, ¶ 19; *State v. Ramos,* 3d Dist. Defiance No. 4–06–24, 2007–Ohio–767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R .C. 2953.08(A), (B), and (C) * * *). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶14} A reviewing court must conduct a meaningful review of the trial court's imposed sentence. *State v. Daughenbaugh*, 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8, citing *State v. Carter,* 11th Dist. No.2003–P–0007, 2004-Ohio-

1181. In particular, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal.

> **(2) The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a) That the record does not support the sentencing court's findings under division (B) or (D) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b) That the sentence is otherwise contrary to law.**

{¶15} Revised Code Chapter 2929 governs sentencing. R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*. Meanwhile, R.C. 2929.11(B) states that felony sentences must be both "commensurate with and not demeaning to the

seriousness of the offender's conduct and its impact upon the victim" and consistent with sentences imposed in similar cases.

{¶16} In accordance with these principles, the trial court must consider the factors set forth under R.C. 2929.12(B), (C), (D), and (E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). Revised Code section 2929.12(B) specifically lists sentencing factors that indicate an offender's conduct is more serious than conduct normally constituting the offense, and provides, in pertinent part, as follows.

> **(B)  The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:**
>
> **(1)  The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.**
>
> **(2)  The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.**
>
> **\* \* \***
>
> **(6) The offender's relationship with the victim facilitated the offense.**

Notably, although R.C. 2929.12 lists factors for the trial court to consider, the court is not required to make specific findings of its consideration of the factors. *See State v. Kincade,* 3d Dist. No. 16–09–20, 2010-Ohio-1497, ¶ 8.

{¶17} In this case, the trial court stated the following at the sentencing hearing.

> **THE COURT:  I will note there is no prior history; there is no prior criminal history here.  The Court though, looks at these cases very, very, very seriously.  I've taken into consideration the information I do receive in the pre-sentence investigation.  I've read the report of Dr. Braum this morning and it did give me pause.  I went back and looked at the criteria as set forth in the Revised Code of Ohio with regard to 2929.11 and 2929.12 as well as 2929.14 of the Revised Code and with regard to the sentence the Court will impose with regard to Counts 1, 2, 3, 4 and 5 consecutive terms of 5 years on each count or 60 months I guess that is how it's termed.**

(Dec. 17, 2012, Tr. at 14).  Thus at the sentencing hearing, the trial court noted that it had considered the appropriate statutes and the pre-sentence investigation. The trial court's judgment entry of sentence also reflected that it had considered the appropriate sentencing statutes, including R.C. 2929.12.  (Doc. 53).

{¶18} Wilson argues on appeal that the trial court improperly weighed the factors in R.C. 2929.12.  Wilson contends that since he had no prior criminal history and since there was no showing that he had abused anyone other than the victim in this case, he was unlikely to recidivate.  In addition, Wilson claims that he was abused as a child and that his abuse made it such that he did not understand his conduct was inappropriate, and therefore the trial court had "substantial grounds to mitigate [Wilson's] conduct" under R.C. 2929.12(C)(4).

{¶19} Despite Wilson's argument in mitigation of his sentence, several factors of R.C. 2929.12(B) were present in this case, elevating the offense in seriousness. First and foremost is the age of the victim, who was 7 years old at the time of the repeated abuses. R.C. 2929.12(B)(1). Second is the fact that both parties agree the young victim in this case suffered "serious psychological and physical harm." (Dec. 17, 2012, Tr. at 7); R.C. 2929.12(B)(2). Third, the trial court could have considered the fact that Wilson occupied a position of trust with the victim as her babysitter and that Wilson repeatedly abused that trust for an extended period of months. R.C. 2929.12(B)(6). In fact, the pre-sentence investigation contains in the "Details of the Instant Offense" section that the sexual contact occurred "every weekend" after the victim's family moved in with Wilson, which, according to the pre-sentence investigation, would have been "about 40 times."

{¶20} Moreover, notwithstanding Wilson's contention, there is simply no evidence in the record before us illustrating that Wilson was unable to understand that his conduct was wildly inappropriate and criminal. To the contrary, Wilson graduated high school and served in the United States Navy. He could read and write and had apparently raised a child with his now-deceased wife. There is nothing in the record to indicate a lack of mental awareness on the part of Wilson that what he was doing was a serious crime. However, even if the record had

contained some evidence to the contrary, the trial court still could have properly found, based on the factors outlined above in R.C. 2929.12(B), that the seriousness of the crime necessitated the sentence that was given. Accordingly, Wilson's assignment of error is overruled.

{¶21} For the foregoing reasons Wilson's assignment of error is overruled and the judgment of the Henry County Common Pleas Court is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**