[Cite as *State v. Kincade*, 2010-Ohio-1497.]


IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
WYANDOT COUNTY


STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO.  16-09-20

     v.

DANA LEE KINCADE,                  O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Wyandot County Common Pleas Court
Trial Court No. 09-CR-0014

Judgment Reversed and Cause Remanded

Date of Decision:   April 5, 2010


APPEARANCES:

    *Cindy Wolph*  for Appellant

    *Jonathan K. Miller*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Dana Lee Kincade (hereinafter "Kincade"), appeals the judgment of the Wyandot County Court of Common Pleas sentencing him to a mandatory prison term of sixty (60) days, and an additional basic prison term of four (4) years. For the reasons that follow, we reverse and remand for re-sentencing.

{¶2} In September 2009, Kincade was found guilty after a jury trial of one count of felony operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), and one count of felony operating a vehicle while under the influence of alcohol and/or drugs of abuse in violation of R.C. 4511.19(A)(1)(c), both felonies of the third degree. For purposes of sentencing, the trial court merged count one and count two.

{¶3} The sentencing hearing was held on October 16, 2009, and consequently the trial court sentenced Kincade to a mandatory prison term of sixty (60) days and an additional basic prison term of four (4) years. In addition, the trial court ordered Kincade to pay the mandatory minimum fine of $1,350.00, suspended Kincade's operator's license for life, and ordered that he attend and successfully complete an alcohol and drug addiction program.

{**¶4**}   Kincade now appeals his sentence and raises two assignments of error.  For purposes of our discussion, we elect to address them out of the order that they were presented in his brief.

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT WHILE NOT ORDERING THE MAXIMUM AMOUNT OF ADDITIONAL PRISON SENTENCE TO BE SERVED, CONSIDERED APPELLANT'S HISTORY OF OFFENSES FOR THE "PROTECT THE PUBLIC" AND "INCAPACITATING THE OFFENDER" SENTENCING PURPOSES OF OHIO REVISED CODE SECTION 2929.11, BUT IT DID NOT FULLY CONSIDER THE "REHABILITATING THE OFFENDER" PURPOSE. BY SUPPLANTING A PORTION OF THE FOUR YEARS OF ADDITIONAL TIME TO BE SERVED UNDER COMMUNITY CONTROL OR COMMUNITY NON-RESIDENTIAL SANCTIONS, AS AUTHORIZED BY OHIO REVISED CODE SECTIONS 2929.15(A)(1) AND 2929.13(G)(2), APPELLANT WOULD BE MORE LIKELY TO MAKE A MORE SUCCESSFUL TRANSITION TO LIVING DRUG-AND ALCOHOL-FREE IN SOCIETY ONCE HE IS RELEASED FROM STATE SUPERVISION.**

{**¶5**}   In his second assignment of error, Kincade argues that the trial court did not "fully consider" the need for "rehabilitating the offender" under the purposes of felony sentencing in R.C. 2929.11(A), and requests a "re-structuring of the non-mandatory, additional prison sentence to include both community non-residential and community control sanctions."

{**¶6**}   A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is

unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; *State v. Boshko* (2000), 139 Ohio App.3d 827, 835, 745 N.E.2d 1111. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶16, quoting *State v. Jones* (2001), 93 Ohio St.3d 391, 400, 754 N.E.2d 1252.[1]

---

[1] We note that the Supreme Court of Ohio recently released a plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 869 N.E.2d 124, which established a two-part test utilizing both the clear and convincing and abuse of discretion standard of review in reviewing felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing standard of review, which was affirmed and adopted by three dissenting Justices in *Kalish,* we note that the outcome of our decision in this case would be identical under the *Kalish* plurality's two-part test as well.

**{¶7}** In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court declared unconstitutional those portions of the felony sentencing statutes that required judicial fact-finding before the trial court could impose a prison sentence. 2006-Ohio-856, at ¶100. Subsequently, the Supreme Court excised those provisions that related to judicial fact-finding from the sentencing statutes, specifically including R.C. 2929.14(E)(4) and R.C. 2929.41(A). Id. at ¶97. As a result of the excision of those unconstitutional provisions, the Court ultimately held that, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.

**{¶8}** However, a trial court must still consider the overall purposes of sentencing as set forth in R.C. 2929.11, as well as the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12, when sentencing an offender. *State v. Smith,* 3d Dist. No. 2-06-37, 2007-Ohio-3129, ¶26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶38. But, under R.C. 2929.12, a sentencing court is not required to use specific language regarding its consideration of the seriousness and recidivism factors. Id., citing *State v. Sharp*, 10th Dist. No. 05AP-809, 2006-Ohio-3448; *State v. Amett* (2000), 88 Ohio St.3d 208, 205, 724 N.E.2d 793; *State v. McAdams*, 162 Ohio

App.3d 318, 2005-Ohio-3895, 833 N.E.2d 373; *State v. Patterson*, 8th Dist. No. 84803, 2005-Ohio-2003. Further, there is no requirement in R.C. 2929.12 that the trial court state on the record that it has considered the statutory criteria or even discussed them. Id., citing *State v. Polick* (1995), 101 Ohio App.3d 428, 431, 655 N.E.2d 820; *State v. Gant*, 7th Dist. No. 04 MA 252, 2006-Ohio-1469 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings); *State v. Hughes*, 6th Dist. No. WD-05-024, 2005-Ohio-6405.

{¶9} Although Kincade acknowledges that the trial court clearly considered the factors of R.C. 2929.11, 2929.12, and 2929.13, especially the "punishing" and "protecting the public" factors, he argues that it failed to fully consider the purpose of "rehabilitation." As Kincade stated in his brief, "conventional sentencing has not worked for Appellant in the past – his lengthy record of crimes directly and indirectly resulting from his substance abuse has shown that the 'punishment' and 'deterrent' aspects of the sentencing is not working as it has been implemented thus far." (Appellant's Brief at 12). As such, he argues that the trial court should have imposed community control sanctions, or at least a combination of community control sanctions with the prison term, in order to fully deal with the purpose of "rehabilitation."

{¶10} After a review of the record, we find that the trial court did fully consider the principles and purposes of sentencing, including the factor of "rehabilitation." First of all, even though it was not required to state that it had considered the purposes and principles of sentencing, the trial court specifically stated on the record and in its judgment entry that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and that Kincade was not amenable to community control. (Oct. 20, 2009 JE at 2); (Oct. 16, 2009 Tr. at 20). Secondly, a review of the sentencing transcript and the trial court's judgment entry shows that the trial court explicitly considered the relevant statutory factors before imposing its sentence. In particular, at the sentencing hearing the trial court addressed Kincade's "attitude," addiction, prior juvenile and adult record:

> **This Court notes Defendant's addiction wasn't his biggest problem, it is his attitude. It allowed Defendant to have at least twenty four offenses as a juvenile. Beginning at the age of fourteen Defendant's attitude was responsible for his convictions for which there are dispositions reported in his Pre-sentence investigation report of: three underage consumption convictions; five resisting arrest convictions; one drug abuse conviction; one possession of drug paraphernalia conviction; six OMVI convictions, [sic] one assault conviction; three obstructing official business convictions; one public intoxication conviction; two failure to comply convictions; one criminal mischief convictions; one consuming liquor in a motor vehicle; one disorderly conduct conviction; one falsification conviction; one possession of a controlled substance conviction and now these offenses.**
> **After Defendant was charged in this case, approximately two months later, he was convicted of resisting arrest,**

**obstructing official business and possession of a controlled substance.**

**It is Defendant's attitude, that despite having his driver's license suspended, he has driven and been caught driving at least eleven times while under suspension or with no operator's license.**

**In this offense, Defendant chose to drive even though this Court had suspended his operator's license for a previous O.V.I. This record smacks of an attitude that has complete indifference for the law and the safety of others.**

**It was Defendant's attitude that allowed him to violate program rules when he was in a Volunteers of America halfway house program, which got his release from prison revoked and return to prison. Defendant had also received an unfavorable final release when he was on post-release control because he made no good faith effort to make restitution to his victim in that case.**

**Defendant has been in counseling with Community Counseling on three different occasions pursuant to Crawford County Court Orders. In 2006, despite being referred for therapy, individual therapy and counseling, Defendant failed to return for services.**

**Defendant's attitude allowed him to recently walk away from treatment at New Destiny Treatment Center against medical advice on August 10, 2009. The Court notes from Defendant's exhibits there was some question about treatment and medications prescribed and that Defendant disagreed with taking Klonipin. However the pre-sentence investigation states this was prescribed after Defendant started experiencing seizures after running from the police, was tazed and hit his head. Again, the treating doctor recommended that the Defendant be referred to rehabilitation and to see a psychiatrist to plan a neuro-psychological evaluation for rehabilitation and it was that doctor's belief, once again, Defendant did not follow through with that recommendation.**

**Finally, Defendant's attitude allowed this father of three on February 8, 2009 to get into a vehicle, to pick up two fellows, almost half of Defendant's age, to party all night. Defendant's actions resulted in one of his passengers suffering physical harm in an accident where any one of them could have been killed.**

**Defendant's life thus far, has been one of irresponsibility and lawlessness. Defendant does what he wants despite repeated negative consequences, despite who he might hurt, including his own children and despite other's efforts to help him.**

(Oct. 20, 2009 JE at 2-4); (Oct. 16, 2009 Tr. at 20-23). It is clear from the trial court's statements that not only did it fully consider all of the principles and purposes of felony sentencing, but it specifically considered the rehabilitation factor. The trial court simply chose to give little weight to the purpose of rehabilitation in Kincade's sentence given the multiple unsuccessful attempts to rehabilitate Kincade in the past.

{¶11} Therefore, Kincade's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT FAILED TO PROPERLY CONSIDER AND APPLY THE SENTENCING GUIDELINES OF OHIO REVISED CODE SECTION 2929.14(D)(4) WHEN IT ORDERED THE ADDITIONAL PRISON SENTENCE OF FOUR YEARS WITHOUT REDUCING SAID TIME BY THE MANDATORY SIXTY DAYS APPELLANT WAS ALSO SENTENCED TO SERVE. (JUDGMENT ENTRY, PAGES 4 AND 5).**

{¶12} Under his first assignment of error, Kincade argues that the trial court failed to properly apply the sentencing guidelines of R.C. 2929.14(D)(4) when it ordered an additional prison term of four (4) years without reducing it by the sixty (60) days imposed upon Kincade as the mandatory prison term. In response, the State acknowledges that there is a discrepancy between the language

used in R.C. 4511.19(G)(1)(e) and R.C. 2929.14(D)(4). While it asks this Court to find that the trial court can impose the mandatory prison term of sixty (60) days consecutive to a basic prison term based on the language in R.C. 4511.19(G)(1)(e), it agrees that should we find otherwise, then the matter should be remanded for purposes of re-sentencing. After reviewing the applicable statutory provisions governing third degree felony OVI sentences, we find that the trial court erred in imposing the mandatory sixty (60) day prison term consecutive to the four (4) year basic prison term.

{¶13} Overall, the trial court specifically ordered that "the Defendant shall serve a mandatory prison term of sixty (60) days in the custody of the Ohio Department of Rehabilitation and Correction. Defendant is further ORDERED in accordance with the law to serve an additional basic prison term of four (4) years in the custody of the Ohio Department of Rehabilitation and Corrections; said four (4) years basic prison term shall be served consecutively to the mandatory sixty (60) days prison term." (Oct. 20, 2009 JE at 4-5); (Oct. 16, 2009 Tr. at 23).

{¶14} For a third degree felony OVI offense, without a specification, R.C. 4511.19(G)(1)(e), in pertinent part, provides the following with respect to sentencing:

> **(G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. Whoever violates division (A)(1)(j) of this section is guilty of**

**operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance. The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:**

**(e) An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony, regardless of when the violation and the conviction or guilty plea occurred, is guilty of a felony of the third degree. The court shall sentence the offender to all of the following:**

**(i) If the offender is being sentenced for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code *or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender is not convicted of and does not plead guilty to a specification of that type. The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a sixty-day mandatory prison term and the additional prison term for the offense shall not exceed five years.* In addition to the mandatory prison term or mandatory prison term and additional prison term the court imposes, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.**

(Emphasis added). As cross-referenced in R.C. 4511.19(G)(1)(e), R.C. 2929.13(G) prescribes when a trial court must impose a mandatory sentence upon the offender of a fourth or third degree felony OVI. R.C. 2929.13(G)(2) governs third degree felony OVI, and in pertinent part states:

**(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OVI offense or for a *third degree felony OVI offense*, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:**

**(2) If the offender is being sentenced for a third degree felony OVI offense * * * the court *shall impose upon the offender a mandatory prison term of sixty days* or one hundred twenty days as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code if the offender has not been convicted of and has not pleaded guilty to a specification of that type. The court shall not reduce the term pursuant to section 2929.20, 2967.193, or any other provision of the Revised Code. The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense. In no case shall an offender who once has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OVI offense be sentenced to another mandatory term of local incarceration under that division for any violation of division (A) of section 4511.19 of the Revised Code.**

(Emphasis added). Finally, although neither R.C. 2929.13 nor R.C. 4511.19 specifically cross-reference it, if the trial court wishes to impose an additional basic prison term on an offender who commits a third degree felony OVI, R.C. 2929.14(D)(4) governs, and in pertinent part, prescribes:

**(4) If the offender is being sentenced for a third or fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, * * * and if the offender is being sentenced for a *third degree felony OVI***

> *offense*, **the sentencing court** *may* **sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section.** *In either case, the additional prison term imposed shall be reduced by the sixty or one hundred twenty days imposed upon the offender as the mandatory prison term. The total of the additional prison term imposed under division (D)(4) of this section plus the sixty* **or one hundred twenty days imposed as the mandatory prison term shall equal a definite term in the range of six months to thirty months for a fourth degree felony OVI offense and** *shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI offense*. **If the court imposes an additional prison term under division (D)(4) of this section, the offender shall serve the additional prison term after the offender has served the mandatory prison term required for the offense.**

(Emphasis added). R.C. 2929.14(A)(3) further states that the trial court shall impose a "definite prison term" and that for a felony of the third degree, "the prison term shall be one, two, three, four, or five years." After reviewing the above applicable sentencing provisions for third degree felony OVI convictions, we find that the trial court should have reduced the additional four (4) year basic prison term by the mandatory sixty (60) days.

{¶15} R.C. 4511.19(G)(1) specifies that "[t]he court shall sentence the offender for either offense under *Chapter 2929. of the Revised Code*, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section." (emphasis added). Thus, unless R.C. 4511.19(G)(1) specifically states otherwise, a trial court must sentence under Chapter 2929 for a third degree felony OVI. We admit that in isolation the language in R.C. 4511.19, in particular the "in addition

to" and "the cumulative total of" language, is confusing and could be interpreted to mean that the mandatory prison term can be made consecutive to any basic prison term imposed. Despite this isolated language, the language under R.C. 4511.19(G)(1)(e) does not clearly address the issue of whether the mandatory prison term is to run consecutively or concurrently to any additional prison terms imposed, and it is not of a nature that we could find that it was "as otherwise authorized" under R.C. 4511.19(G)(1). On the other hand, R.C. 2929.14(D)(4) is explicit and very clear as far as the treatment of the mandatory sixty (60) day prison term with respect to any additional prison term imposed for a third degree felony OVI conviction. R.C. 2929.14(D)(4) specifically states that "the additional prison term imposed *shall be reduced by the sixty* or one hundred twenty days imposed *upon the offender as the mandatory prison term*," and that "[t]he total of the additional prison term imposed under division (D)(4) of this section plus the sixty * * * shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI offense." (emphasis added). Because R.C. 2929.14(D)(4) clearly addresses the issue regarding the imposition of both a mandatory prison term and an additional prison term for a third degree felony OVI conviction, and R.C. 4511.19(G)(1)(e) does not address the issue, or at a minimum is confusing and misleading, we find that the trial court erred in imposing the sixty (60) day mandatory prison term run consecutively to the four

(4) year basic prison term. See *State v. Garrett*, 8th Dist. No. 92349, 2009-Ohio-5363, ¶¶44-50, citing R.C. 1.51 (statutory construction requires that specific statutory provisions prevail over conflicting general statutes).

**{¶16}** Kincade's first assignment of error is, therefore, sustained.

**{¶17}** Although having found no error prejudicial to the appellant herein in the particulars assigned and argued as to appellant's second assignment of error, we find error prejudicial to the appellant herein in the particulars assigned and argued as to appellant's first assignment of error; therefore, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW J., concurs.**

**/jlr**

**WILLAMOWSKI, P.J., concurring separately.**

**{¶18}** I concur fully with the majority opinion, however write separately to emphasize that the appropriate standard of review was applied. In his assignments of error, Kincade alleges that the trial court failed to properly consider the sentencing guidelines of R.C 2929.11 and R.C 2929.14(D)(4). Kincade's appeal of his felony sentence did not raise issue with the application of the factors set

forth in R.C. 2929.12, which in my opinion would require an abuse of discretion standard. Thus, the clearly and convincingly standard used to review this case, as set forth in R.C. 2953.08(G)(2) is the proper standard of review herein.