[Cite as *State v. Walton*, 2013-Ohio-2147.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 16-12-13

      v.

DAVID E. WALTON,                   O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 16-12-14

      v.

DAVID E. WALTON,                   O P I N I O N

      DEFENDANT-APPELLANT.

---

**Appeals from Wyandot County Common Pleas Court**
**Trial Court Nos. 11-CR-0069 and 12-CR-0009**

**Judgments Affirmed in Part and Vacated in Part**

**Date of Decision:  May 28, 2013**

---

APPEARANCES:

    *Charles R. Hall, Jr.* **for Appellant**

    *Jonathan K. Miller* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant David E. Walton ("Walton") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County. Walton challenges the sentences imposed by the trial court. For the reasons set forth below, the judgments are affirmed in part and vacated in part.

{¶2} On November 22, 2011, the Wyandot County Grand Jury indicted Walton on six counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), all felonies of the third degree. The matter was assigned trial court number 11-CR-0069. On February 22, 2012, the Wyandot County Grand Jury indicted Walton on two additional counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), felonies of the third degree and two counts of Contributing to the Unruliness of a Child in violation of R.C. 2929.24(A)(2), misdemeanors of the first degree. This matter was assigned trial court number 12-CR-0009. The cases were consolidated. Walton entered not guilty pleas to all charges.

{¶3} On April 26, 2012, Walton changed his plea to guilty to one count of Unlawful Sexual Conduct with a Minor in case number 11-CR-0069 and one count of Contributing to the Unruliness of a Child in case number 12-CR-0009. The remaining charges were dismissed. A sentencing hearing was held on November 5, 2012. The trial court sentenced Walton to sixty months in prison on

the third degree felony and six months in jail for the misdemeanor. The sentences were ordered to be served concurrently. In addition, the trial court ordered that Walton have no contact with the victim and that he not be alone with any juvenile without a responsible adult being present. Walton appeals from this sentence and raises the following assignment of error.

> **The trial court erred by imposing greater than the minimum sentence and/or greater than the minimum sentence range as [Walton] had no prior lifetime felonies, had no prior criminal history, and was apologetic and remorseful at the time of sentencing.**

{¶4} Walton's sole assignment of error is that the trial court erred by imposing the maximum sentence on the third degree felony.[1] Walton bases this claim on the fact that he has no prior criminal history and that he showed remorse for his offenses. Trial courts have full discretion to impose any sentence with the statutory range. *State v. Saldana*, 3d Dist. No. 12-12-09, 2013-Ohio-1122, ¶20. The range of prison sentences authorized for a defendant convicted under R.C. 2907.04 ranges from twelve to sixty months. R.C. 2929.14(A)(3)(a). However, the trial court must still consider the purposes of felony sentencing as set forth in R.C. 2929.11 and be guided by the sentencing factors set forth in R.C. 2929.12 and R.C. 2929.13 when determining the appropriate sentence. *Saldana* at ¶20-21.

---

[1] Walton does not challenge his sentence on the misdemeanor.

{¶5} In this case, the trial court sentenced Walton to the maximum sentence authorized by statute. In doing so, the trial court indicated at the hearing that it had considered the sentencing factors and the purposes of sentencing.

> **The Court having considered the information presented at this hearing and the record, and now being fully informed of the circumstances surrounding the charges, and finding no cause which would preclude pronouncement of sentence, finds after weighing the factors pertaining to the seriousness of the offenses, and whether the defendant is likely recidivate (sic), that the offender is not amenable to community control and prison is consistent with the purposes and principles of sentencing.**
>
> **The Court looks at the seriousness of this, of these crimes. This was a – the one being a sex offense.**
>
> **The defendant was a relation of his victim. He had a sexual relationship with his victim which he commenced as she was entering her teen years. It wasn't a one-time occurrence; and, defendant was 23 old – 23-years older than his victim. Defendant groomed his victim and took advantage of his relationship with her and her youth to facilitate the offense.**
>
> **Defendant snuck into her home, provided her with code names and phones to avoid detection. Making the obsession, the defendant had, some type of game that may have been intriguing and exciting to a child who, because of being immature and young, unaware of the potential negative consequences that could flow from what the defendant was doing to her.**
>
> **Now her family is torn apart. She has suffered extreme, extreme harm. She's been given medication, taken to doctors and counseling all because of defendant's actions.**
>
> **There is no trust and she and her family live in fear of you, given the impact on the victim and her family. This was a very serious offense.**

> **Given the deceit and lengths to which the defendant was willing to go, the people the defendant was willing to betray, makes you a threat primarily to children, children that most adults feel should have protection.**
>
> **The Court is not seeing genuine remorse. And, the Court also noted that there has been nothing shown that the defendant has attempted to access treatment to deal with the issues that made him believe it was okay to do the actions that gave rise to this offense.**
>
> **A short prison term would demean the seriousness of the offense and the harm caused to the victim and her family.**

Tr. 14-16. The above statements were repeated in the judgment entry. Given these statements, it is clear that the trial court did consider the factors set forth in R.C. 2929.12 and R.C. 2929.13.

{¶6} In support of its findings, the trial court had the victim impact statements from the child, her father, her mother, and her step-mother. All of the victims requested that Walton be given the maximum sentence and stated how his actions had impacted their lives in a negative manner. The trial court also has the pre-sentence investigation report to review. In this report, Walton made the following statements.

> **[A] little less than 3 years ago, I started talking to [the victim] about things that were going on at her dad's house, because she needed someone to talk to. That was the first of several huge mistakes that I made involving [the victim]. * * * I kissed her the first time in late April of 2010. The touching started shortly after that. Oral sex happened in late June to early July of 2010. She said it made her feel weird, so we went back to kissing and touching.**

> **In the early Spring of 2011, I purchased phones so that she would be able to talk to me if she needed to when she was at her dad's I did keep her up texting way past curfew on several nights. I also had her out of her house and in my car past curfew on one occasion in September, 2011.**

PSI, 8. The recommendation of the author of the PSI was that Walton would benefit from counseling, but that his offense warranted "incarceration to protect the public and minimize future recidivism." *Id.* at 12. Given all of this evidence, the trial court's findings are supported. Thus, the trial court did not abuse its discretion in imposing a sentence of 60 months in prison. The assignment of error is overruled.

{¶7} However, this court *sua sponte* recognizes that the trial court did abuse its discretion in imposing a no contact order and ordering Walton to stay away from all children. This occurred despite the fact that the trial court sentenced Walton to a prison term. This court has previously held that a trial court may impose either a prison term or community control sanctions. *State v. Dull,* 3d Dist. No. 13-12-33, 2013-Ohio-1395; *State v. Hartman*, 3d Dist. No. 15-10-11, 2012-Ohio-874. "Pursuant to R.C. 2929.19(B), community control sanctions and prison terms are mutually exclusive and cannot be imposed at the same time on the same count of conviction." *Hartman,* at ¶7. Trial courts must decide whether it is more appropriate to impose prison or community control sanctions and impose whichever option is more appropriate. *State v. Vlad*, 153 Ohio App.3d 74, 2003-

Ohio-2930 (7th Dist.).  A no contact order is a form of community control.  *State v.*

*Miller*, 12th Dist. No. CA2010-12-336, 2011-Ohio-3909.  Thus, a trial court cannot

impose both a prison term and a no contact order.  *Id.*

> {¶8} Here, the trial court made the following order.

> **Therefore, it is the sentence of the Court that Defendant shall serve a basic prison term of sixty (60) months in the custody of the Ohio Department of Rehabilitation and Correction, on the felony of the third degree; and a six (6) month jail sentence on the first degree misdemeanor.  By operation of law, the jail sentence shall run concurrently with the prison term at the Ohio Department of Rehabilitation and Correction.  The Defendant was given credit for one (1) day time served as of November 1, 2012;  Defendant was granted credit for future custody days, awaiting transportation to the institution.**

> **The Court requests the Department of Rehabilitation and Correction to perform a SORN assessment to determine the Defendant's risk of reoffending.**

> **The Court further Ordered that Defendant shall have no contact with the victim herein or her family, nor be within 500 feet of them.**

> **The Court Ordered that Defendant shall not be alone with any juvenile without a responsible adult being present.**

Sentencing Entry, 4.  The trial court elected to impose a prison and a jail sentence

rather than imposing a community control sanction.  The trial court may not

impose both a prison term and a community control sanction.  Thus, the following

portion of the sentencing entry is contrary to law.

> **The Court further Ordered that Defendant shall have no contact with the victim herein or her family, nor be within 500 feet of them.**
>
> **The Court Ordered that Defendant shall not be alone with any juvenile without a responsible adult being present.**

This court therefore vacates this portion of the sentence as being unenforceable. This does not affect the authority of the Adult Parole Authority to impose similar restrictions during Walton's post-release control. That decision is left to that agency.

{¶9} Having found error prejudicial to the defendant, the judgments of the Court of Common Pleas are affirmed in part and vacated in part.

*Judgments Affirmed in Part*
*And Vacated in Part*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**