[Cite as *State v. Lehmkuhle*, 2013-Ohio-2610.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 15-13-01

    v.

ERIK R. LEHMKUHLE,              O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Van Wert County Common Pleas Court**
**Trial Court No. CR 11-11-146**

**Judgment Affirmed**

**Date of Decision:   June 24, 2013**

APPEARANCES:

    *Gregory W. Unterbrink* for Appellant

    *Eva J. Yarger* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Erik R. Lehmkuhle ("Lehmkuhle") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County finding him guilty of one count of gross sexual imposition. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 4, 2011, The Van Wert County Grand Jury indicted Lehmkuhle on seven counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, five counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree, and one count of attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02(A), a felony of the second degree. Lehmkuhle entered pleas of not guilty to all charges. On June 21, 2012, the State moved to dismiss seven counts of the indictment, leaving four counts of rape, one count of gross sexual imposition, and one count of attempted rape. The trial was then scheduled for November 5, 2012.

{¶3} On October 31, 2012, a change of plea hearing was held. Lehmkuhle then entered an Alford Plea to one count of gross sexual imposition. The remaining charges were dismissed. The trial court accepted the plea and found Lehnkuhle guilty of gross sexual imposition. A sentencing hearing was held on December 12, 2012. The trial court sentenced Lehmkuhle to serve forty-eight months in prison. Lehmkuhle was given credit for 458 days of time served.

Lehmkuhle appeals from this judgment and raises the following assignments of error.

**First Assignment of Error**

**The trial court erred when imposing a forty-eight (48) month sentence when the sentence was not supported by the record on an *Alford* guilty plea.**

**Second Assignment of Error**

**The trial court erred in not determining whether the State had sufficient evidence to convict after new evidence in the form of a retraction of victim's accusation was received by the court after the acceptance of an *Alford* guilty plea.**

{¶4} In the first assignment of error, Lehmkuhle claims that his sentence was not supported by the record.

> **Trial courts have full discretion to impose any sentence with the statutory range. State v. Saldana, 3d Dist. No. 12–12–09, 2013–Ohio–1122, ¶ 20. * * * However, the trial court must still consider the purposes of felony sentencing as set forth in R.C. 2929.11 and be guided by the sentencing factors set forth in R.C. 2929.12 and R.C. 2929.13 when determining the appropriate sentence. Saldana at ¶ 20–21.**

*State v. Walton*, 3d Dist. Nos. 16-12-13, 16-12-14, 2013-Ohio-2147, ¶4. Here, Lehmkuhle was convicted of a felony of the third degree. The range of sentences for the offense was twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months. R.C. 2929.14(A)(3). The trial court indicated that it considered the sentencing factors pertaining to the seriousness of the offense and the likelihood of recidivism along with all other factors as set forth

in R.C. 2929.12 and 2929.13(B). Tr. 53. In addition, there was a pre-sentence investigation done, a letter written by the victim in this case, and a letter written by the victim's guardian which was also reviewed by the trial court. The trial court acknowledged that while the victim's letter did not recant the allegations, it did raise questions about what had really happened. Tr. 53. The sentence recommendation in the PSI was for a term of 54 months. The trial court sentenced Lehmkuhle to a prison term of 48 months. This is within the statutory permissible sentences. The trial court considered all of the statutory factors and considered the information in the PSI as well as the letters. Thus, the trial court did not err in imposing the sentence it chose. The first assignment of error is overruled.

{¶5} In the second assignment of error, Lehmkuhle alleges that the trial court erred in not reviewing the acceptance of the *Alford* plea after receiving the letter from the victim. Initially, this court notes that Lehmkuhle never asked to withdraw his plea. In addition, Lehmkuhle never even suggested to the court that the facts supporting the plea should be reviewed a second time. A review of the record shows that the victim did write a letter to the court stating that she believed Lehmkuhle had been punished enough and that she wished to see him again. A second letter was written by the victim's guardian. This letter called into question whether the alleged incidents ever occurred. However, the guardian was merely speculating based upon her interactions with the victim and could not say that the

events did not occur, just that she was not sure the events occurred. The victim herself, contrary to Lehmkuhle's position, did not recant her accusations or state that the events did not occur. Although the letters were sufficient to cause the trial court to have second thoughts, they, alone, were insufficient to require the court, as a matter of law, to reconsider the plea *sua sponte*. Thus, the trial court was correct in proceeding to sentencing. The second assignment of error is overruled.

{¶6} The judgment of the Court of Common Pleas of Van Wert County is affirmed.

***Judgment Affirmed***

**SHAW, J., concurs.**

**PRESTON, P.J., concurs in Judgment Only.**

**/jlr**