[Cite as *State v. Fletcher*, 2013-Ohio-3076.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  2-13-02

    v.

MARK S. FLETCHER,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2012 CR 153

Judgment Affirmed

Date of Decision:   July 15, 2013

APPEARANCES:

    *Gerald F. Siesel* **for Appellant**

    *Edwin A. Pierce and R. Andrew Augsburger* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant Mark S. Fletcher ("Fletcher") appeals the December 21, 2012, judgment of the Auglaize County Common Pleas Court sentencing Fletcher to 36 months in prison following Fletcher's guilty plea to "Illegal Assembly or Possession of Chemicals Used to Manufacture Controlled Substance (Methamphetamine) with Intent to Manufacture Controlled Substance," in violation of R.C. 2925.041(A)(C)(1), a felony of the third degree.

{¶2} On Friday August 31, 2012, Fletcher was pulled over for having an obscured rear license plate while driving in the village of Waynesfield, Ohio. Joanna Schaub and her teenage daughter were in the vehicle with Fletcher at the time of the stop. After some interaction between Fletcher and the officers who stopped him wherein the officers noted, *inter alia*, that Fletcher appeared nervous, Fletcher's vehicle was searched by a K-9 unit. The K-9 unit made a "hit" on the rear of the driver's side of the vehicle. The officers then searched the vehicle and found a red lunch bag in the vehicle's cargo area containing plastic baggies, sunglasses, lighter fluid, a lighter, drain cleaner, plastic tubing, batteries and Sudafed. Subsequently, the officers called Mike Vorhees of the Auglaize-Mercer County Drug Task Force for assistance. Vorhees arrived and indicated that the items were commonly used to make methamphetamines.

{¶3} On September 7, 2012, Fletcher was indicted by the Auglaize County Grand Jury for one count of "Illegal Assembly or Possession of Chemicals Used to Manufacture Controlled Substance (Methamphetamine) with Intent to Manufacture Controlled Substance" in the Vicinity of a Juvenile, in violation of R.C. 2925.041(A), a felony of the second degree. (Doc. 1).

{¶4} On September 12, 2012, Fletcher was arraigned and pled not guilty to the charge. (Doc. 17).

{¶5} On October 16, 2012, Fletcher filed a motion to suppress evidence obtained from the stop and the search. (Doc. 24).

{¶6} On November 15, 2012 a hearing was held on the motion to suppress.[1] (Doc. 58). On November 28, 2012, the trial court filed a judgment entry denying Fletcher's motion to suppress. (*Id*.)

{¶7} On December 19, 2012, the parties convened for a pre-trial conference and negotiated a plea agreement. (Doc. 98). As part of that plea agreement, Fletcher agreed to plead guilty in exchange for the State agreeing to amend the charge in the indictment to Illegal Assembly or Possession of Chemicals for Manufacture of Methamphetamines in violation of R.C. 2925.041(A)(C)(1), a felony of the third degree rather than a felony of the second degree. (Doc. 76).

---

[1] No transcript was included in the record of the suppression hearing.

{¶8} The court then conducted a Criminal Rule 11 plea colloquy with Fletcher, wherein Fletcher stated that he understood the nature of his plea, that he understood the rights he was waiving by agreeing to plead guilty, and that he understood the maximum penalties. (Doc. 98). Following the colloquy, Fletcher pled guilty to the charge as amended and the court accepted Fletcher's plea. (*Id.*) The court then proceeded to sentencing. (*Id.*)

{¶9} Fletcher was given an opportunity to address the court regarding sentencing, and Fletcher's attorney questioned Fletcher in court to speak toward mitigation. (*Id.*) The State recommended that Fletcher receive the maximum 36 months in prison. (*Id.*)

{¶10} Ultimately the court sentenced Fletcher to 36 months in prison. A judgment entry reflecting this sentence was filed on December 21, 2012. (Doc. 75).

{¶11} It is from this judgment that Fletcher appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT'S SENTENCE OF APPELLANT TO A MAXIMUM SENTENCE OF THIRTY-SIX MONTHS WAS CONTRARY TO LAW AND FURTHER CONSTITUTED AN ABUSE OF DISCRETION IN FAILING TO PROPERLY CONSIDER AND APPLY THE SENTENCING GUIDELINES SET FORTH IN OHIO REVISED CODE, SECTION 2929.11 AND 2929.12.**

{¶12} In his assignment of error, Fletcher argues that the trial court erred by failing to properly consider and apply the sentencing guidelines in Revised Code sections 2929.11 and 2929.12. Specifically, Fletcher argues that at the time of sentencing, the trial court did not consider, nor did the trial court's subsequent judgment entry of sentence adequately state, that it had considered these sections of the Revised Code.

{¶13} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos,* 3d Dist. No. 4–06–24, 2007–Ohio–767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R .C. 2953.08(A), (B), and (C) * * *). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶14} A reviewing court must conduct a meaningful review of the trial court's imposed sentence. *State v. Daughenbaugh*, 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8, citing *State v. Carter,* 11th Dist. No.2003–P–0007, 2004-Ohio-

1181. In particular, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal.

> **(2) The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a) That the record does not support the sentencing court's findings under division (B) or (D) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**
>
> **(b) That the sentence is otherwise contrary to law.**

{¶15} Revised Code Chapter 2929 governs sentencing. Revised Code 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." R.C. 2929.11(A). In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*. Meanwhile, R.C. 2929.11(B) states that felony sentences must be both "commensurate with and not demeaning to the

seriousness of the offender's conduct and its impact upon the victim" and consistent with sentences imposed in similar cases.

{¶16} In accordance with these principles, the trial court must consider the factors set forth under R.C. 2929.12(B), (C), (D), and (E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism. R.C. 2929.12(A). However, the trial court is not required to make specific findings of its consideration of the factors. *State v. Kincade,* 3d Dist. No. 16–09–20, 2010-Ohio-1497, ¶ 8.

{¶17} At Fletcher's sentencing hearing, the trial court heard Fletcher address his prior felony conviction for possession of methamphetamine in Tennessee, a conviction for which he was still on probation. (Tr. at 18-19). The trial court also heard Fletcher speak regarding his employment status, and his past trouble with marijuana and alcohol. (Tr. at 24-30). After hearing both the State and Fletcher, the court stated that, "[a]fter consideration of the information provided to the Court by the parties, the Defendant is SENTENCED to a term of imprisonment of THIRTY-SIX (36) MONTHS." (Tr. at 40).

{¶18} In the court's judgment entry on sentencing, the court stated that

**[t]he Court has considered the record, oral statements, any Victim Impact Statement and Pre-Sentence Report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code §2929.12.**

-7-

{¶19} On appeal, Fletcher argues that the trial court's statements in its sentencing entry were insufficient, and that because the court did not state that it had considered the requisite statutes on the record in open court at the sentencing hearing, Fletcher's sentence was invalid.

{¶20} In *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000), the Ohio Supreme Court held that

> **[t]he Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors. R.C. 2929.12. For this reason, the sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a *rote recitation* that she had considered the applicable age factor of R.C. 2929.12(B)(1).**

(*Emphasis* Added.)

{¶21} The trial court's entry certainly meets the standard of a "rote recitation" pursuant to *Arnett* that it had considered the sentencing factors in its entry. *See also State v. Scanlon*, 3d Dist. No. 2-8-18, 2009-Ohio-2305. Fletcher points us to no law establishing that the trial court's entry was inadequate to satisfy *Arnett*.

{¶22} In *State v. Patrick*, 10th Dist. No. 10AP-26, 2011-Ohio-1592, the Tenth District Court of appeals considered a similar argument to Fletcher's in this case. In *Patrick*, the Tenth District held

> **[t]he failure to indicate at the sentencing hearing that the court has considered the factors in R.C. 2929.11 and 2929.12**

> **does not automatically require reversal.** *State v. Reed,* **10th Dist. No. 09AP–1163, 2010-Ohio-5819, ¶ 8. "When the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes."** *Id.,* **citing** *Kalish* **at ¶ 18, fn. 4. "A trial court's rote recitation that it has considered applicable factors satisfies the court's duty to follow the relevant statutes in sentencing an offender."** *State v. Easley,* **10th Dist. No. 08AP– 755, 2009-Ohio-2984, ¶ 19 (citations omitted). * * ***
>
> **Here, the trial court's December 17, 2009 journal entry states it has considered the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the factors set forth in R.C. 2929.12. (R. at 67.) We have previously found that such language in the judgment entry defeats a claim that the trial court failed to consider the purposes and principles of sentencing.** *State v. Reeves,* **10th Dist. No. 09AP–493, 2010-Ohio- 4018, ¶ 16.**

*Patrick*, at ¶¶ 25-26.

**{¶23}** Our own case law reaffirms the principles of *Patrick*. In *Scanlon*, *supra*, we held that "[a]lthough the trial court did not specify the statutory factors it considered, the record indicates that the trial court did consider some of the factors as indicated in the dialogue between the trial court and Scanlon. In addition, the journal entry indicates that the trial court did consider the factors set forth in R.C. 2929–11 and 12." *Scanlon* at ¶ 4.

**{¶24}** Here the court clearly had information before it with which to consider the sentencing factors, and explicitly stated that it had considered those factors in its judgment entry. Under these circumstances we cannot find that the

trial court's entry was inadequate to satisfy the sentencing statutes as the entry clearly reflected the court's consideration of those statutes.

{¶25} Finally, we would note that Fletcher does not argue that his sentence falls outside of the range permitted by the Revised Code, and we find that the sentence was, in fact, within the permissible range for a felony of the third degree pursuant to R.C. 2929.14. Therefore, we cannot find that his sentence was contrary to law. Accordingly, Fletcher's assignment of error is overruled.

{¶26} For the foregoing reasons, Fletcher's assignment of error is overruled and the judgment of the Auglaize County Common Pleas Court is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSI, J., concur.**

**/jlr**