[Cite as *State v. Heffelfinger*, 2013-Ohio-5667.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 16-13-06

    v.

GERALD W. HEFFELFINGER,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 12-CR-0078

Judgment Affirmed in Part and Vacated in Part

Date of Decision: December 23, 2013

APPEARANCES:

    *Emily P. Beckley* for Appellant

    *Jonathan K. Miller* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Gerald W. Heffelfinger ("Heffelfinger") appeals the March 22, 2013, judgment of the Wyandot County Common Pleas Court sentencing Heffelfinger to 11 months in prison following Heffelfinger's guilty plea to Breaking and Entering in violation of R.C. 2911.13(B), a felony of the fifth degree.

{¶2} The facts relevant to this appeal are as follows. On November 14, 2012, Heffelfinger was indicted in a three count indictment for Theft from an Elderly Person, in violation of R.C. 2913.02(A)(1) and (B)(3), a felony of the fifth degree (Count 1), Breaking and Entering in violation of R.C. 2911.13(B), a felony of the fifth degree (Count 2), and Possessing Criminal Tools in violation of R.C. 2923.24, a felony of the fifth degree. (Doc. 1).

{¶3} On November 20, 2012, Heffelfinger was arraigned and pled not guilty to the charges (Doc. 7).

{¶4} On February 6, 2013, a change-of-plea hearing was held. Pursuant to a written negotiated plea agreement, Heffelfinger agreed to plead guilty to Breaking and Entering in violation of R.C. 2911.13(B), a felony of the fifth degree, in exchange for the State agreeing to dismiss Counts 1 and 3 of the

Indictment.[1]  In addition, the State agreed to stand silent regarding a sentencing recommendation.  (Doc. 14).

{¶5} At the hearing, the court engaged in a Crim.R. 11 colloquy with Heffelfinger, informing him of the rights he was waiving by agreeing to plead guilty.  Ultimately the court accepted Heffelfinger's plea, finding that it was knowingly, voluntarily, and intelligently given.  (Doc. 16).  The court then ordered a pre-sentence investigation and set the matter for sentencing.  (*Id.*)  An entry reflecting this was filed February 27, 2013.  (*Id.*)

{¶6} On March 21, 2013, the court held a sentencing hearing.  At the sentencing hearing, Heffelfinger and his counsel each made brief statements.  (Mar. 21, 2013, Tr. at 2-6).  After hearing their statements, the court recited Heffelfinger's criminal history and the fact that the victim was an elderly person and subsequently sentenced Heffelfinger to serve 11 months in prison.  (Mar. 21, 2013, Tr. at 8-9).  In addition, the court ordered Heffelfinger to have no contact with the victim.  (*Id.* at 10).

{¶7} A judgment entry reflecting this sentence was filed March 22, 2013.  (Doc. 22).

{¶8} It is from this judgment that Heffelfinger appeals, asserting the following assignments of error for our review.

---

[1] Heffelfinger also agreed to pay restitution to Ronald D. Hunter in the amount of $280.00.

**ASSIGNMENT OF ERROR 1**
**THE TRIAL COURT ERRED, THROUGH ABUSE OF DISCRETION, BY IMPOSING A SENTENCE GREATER THAN THE MINIMUM SENTENCE FOR A FELONY OF THE FIFTH DEGREE.**

**ASSIGNMENT OF ERROR 2**
**THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE, AS WELL A COMMUNITY CONTROL SANCTION.**

*First Assignment of Error*

{¶9} In Heffelfinger's first assignment of error, he argues that the trial court erred by imposing a sentence greater than the minimum sentence for a felony of the fifth degree. Specifically, Heffelfinger contends that the trial court unreasonably or arbitrarily weighed the factors in R.C. 2929.11 and R.C. 2929.12.[2]

{¶10} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *E.g. State v. Woten*, 3d. Dist. Allen No. 1-12-40,

---

[2] Notably, Heffelfinger admits that his sentence was "within the statutory range" and thus "was not contrary to the sentencing law[.]" (Appt.'s Br. at 5). He focuses his argument, rather, on the trial court's application of the sentencing factors. We would note, however, even though Heffelfinger concedes the point, the trial court sentenced Heffelfinger to 11 months in prison, and that term falls firmly within the permissible range of prison sentences for fifth degree felonies. Revised Code 2929.14(A)(5) provides that if a court elects to send an offender to prison for a felony of the fifth degree, the prison term shall be "six, seven, eight, nine, ten, eleven, or twelve months."

2013-Ohio-1394, ¶ 19;  *State v. Ramos,* 3d Dist. Defiance No. 4–06–24, 2007–Ohio–767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R .C. 2953.08(A), (B), and (C) * * *).  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{**¶11**} A reviewing court must conduct a meaningful review of the trial court's imposed sentence.  *State v. Daughenbaugh*, 3d Dist. No. 16-07-07, 2007-Ohio-5774, ¶ 8, citing *State v. Carter,* 11th Dist. No.2003–P–0007, 2004-Ohio-1181.   In particular, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal.

> **(2) The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a)  That the record does not support the sentencing court's findings under division (B) or (D) or (C)(4) of section 2929.14, or**

**division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**

**(b)   That the sentence is otherwise contrary to law.**

**{¶12}** Revised Code Chapter 2929 governs sentencing.   R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender." R.C. 2929.11(A).   In advancing these purposes, sentencing courts are instructed to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*.  Meanwhile, R.C. 2929.11(B) states that felony sentences must be both "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and consistent with sentences imposed in similar cases.

**{¶13}** In accordance with these principles, the trial court must consider the factors set forth under R.C. 2929.12(B), (C), (D), and (E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism.  R.C. 2929.12(A).  However, the trial court is not required to make specific findings of its consideration of the factors.  *State v. Kincade,* 3d Dist. No. 16–09–20, 2010-Ohio-1497, ¶ 8.

{¶14} In this case, at the sentencing hearing, Heffelfinger and his counsel made statements in mitigation of Heffelfinger's sentence. Per the written plea agreement, the State stood silent as far as a recommended sentence. The court then stated the following.

> **The Court having considered the information presented at this hearing, and the record, and now being fully informed of the circumstances surrounding the charge, and finding no cause which would [at] present include [sic] pronouncement of sentence, finds after considering the factors pertaining to the seriousness of the offense and whether the defendant is likely to recidivate, that the offender is not amenable to community control and prison is consistent with the purposes and principals [sic] of felony sentencing.**
>
> **Defendant has prior felonies on his record, one in Ohio and one in Michigan, served a prior prison term for receiving stolen property. Defendant has a long history of criminal convictions including assaults, domestic violence, thefts, another receiving stolen property and some drug related offenses.**
>
> **Defendant has no income and yet he is able to maintain a residence for himself which makes the Court wonder how he was able to do so.**
>
> **In this instance, his victim was an elderly person as that term is defined by law. Defendant would rather prey upon others than alter his lifestyle.**

(Mar. 21, 2013, Tr. at 8-9).

{¶15} The trial court's judgment entry of sentence reflects the court's analysis at the sentencing hearing and further specifies parts of the record the court had considered such as the victim's impact statement and the pre-sentence

investigation. (Doc. 22). In addition, the judgment entry of sentence mentions that the trial court specifically considered R.C. 2929.11. (*Id.*)

{¶16} Heffelfinger argues on appeal that the trial court abused its discretion in its consideration and application of the factors from R.C. 2929.11 and R.C. 2929.12. Essentially, Heffelfinger contends that as the trial court did not mention the factors in R.C. 2929.12(B) or the recidivism factors in R.C. 2929.12(D) the trial court did not appropriately weigh those statutory factors. However, the trial court was not required to state its reasons on the record supporting its sentence. *State v. Kincade,* 3d Dist. No. 16–09–20, 2010-Ohio-1497, ¶ 8.

{¶17} Nevertheless, in the court's findings, the court mentioned that it had considered the principles and purposes of felony sentencing and gave reasons for imposing a prison term greater than the minimum sentence. Heffelfinger does have prior felony convictions, the victim was elderly, Heffelfinger was responsible for taking approximately 4000 pounds of metal from the victim that was scrapped, Heffelfinger had no income (yet somehow supported himself), and had a history of drug problems. These reasons cited at the sentencing hearing and in the trial court's entry are supported by the record from the sentencing hearing, the plea hearing, and in the PSI. Under these circumstances, we cannot find that the trial court erred in imposing its sentence. Accordingly, Heffelfinger's first assignment of error is overruled.

*Second Assignment of Error*

**{¶18}** In Heffelfinger's second assignment of error, he argues that the trial court erred by imposing a prison sentence as well as a community control sanction. Specifically, Heffelfinger contends that the trial court's order that Heffelfinger have no contact with the victim was unenforceable and invalid pursuant to our prior case law.

**{¶19}** At the sentencing hearing and in the judgment entry of sentence, the trial court ordered Heffelfinger "to have no contact with Ronald Hunter, nor to be on his property." (Mar. 21, 2013, Tr. at 10); (Doc. 22). Heffelfinger contends that this order is improper under this Court's holdings in *State v. Snyder*, 3d Dist. Seneca No. 13-12-28, 2013-Ohio-2046, and *State v. Walton*, 3d Dist. Wyandot Nos. 16-12-13, 16-12-14, 2013-Ohio-2147.

**{¶20}** In its brief to this court, the State does not contest Heffelfinger's second assignment of error; however, the State maintains that only the limited portion of Heffelfinger's sentence regarding the no contact order was unenforceable and only that portion should be vacated, leaving the remaining sentence valid.

**{¶21}** In light of the State's concession and our prior holdings on the matter finding the no contact order unenforceable, we sustain Heffelfinger's second assignment of error and vacate that *limited* portion of Heffelfinger's sentence.

{¶22} For the foregoing reasons, Heffelfinger's first assignment of error is overruled, his second assignment of error is sustained and the limited portion of his sentence that is unenforceable is vacated.

***Judgment Affirmed in Part and Vacated in Part***

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**