[Cite as *State v. Gray*, 2018-Ohio-3326.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-152** |
| KEVIN M. GRAY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2017 CR 000579.

Judgment: Modified and affirmed as modified.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Kevin M. Gray, appeals from the October 20, 2017 judgment entry of sentence of the Lake County Court of Common Pleas. For the following reasons, the judgment of the trial court is modified and affirmed as modified.

{¶2} On June 9, 2017, appellant was indicted by the Lake County Grand Jury on the following charges: Attempted Murder, a first-degree felony in violation of R.C.

2923.02 (Count 1); Aggravated Robbery, a first-degree felony in violation of R.C. 2911.01(A)(3) (Count 2); Aggravated Robbery, a first-degree felony in violation of R.C. 2911.01(A)(1) (Count 3); Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(2) (Count 4); Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(1) (Count 5); Grand Theft of a Motor Vehicle, a fourth-degree felony in violation of R.C. 2913.02(A)(1) (Count 6); seven counts of Grand Theft, third-degree felonies in violation of R.C. 2913.02(A)(1) (Counts 7-13); and one count of Theft of Drugs, a fourth-degree felony in violation of R.C. 2913.02(A)(1) (Count 14). The first 13 counts in the indictment included a firearm specification pursuant to R.C. 2941.141. Appellant entered a plea of not guilty.

{¶3}   On September 6, 2017, appellant entered a written plea of guilty to Count 3, which included a firearm specification, and Counts 5, 8 (theft of a 12 gauge shotgun), and 14. A plea hearing was held on the same day, and the remaining charges were dismissed. The prosecutor set forth the facts underlying the guilty plea, stating:

> [T]he state would have been prepared to show that on May 8, 2017, in the Village of Fairport Harbor, Lake County, Ohio, the defendant hit Carl Kuntz with a baseball bat in order to steal a firearm from him thus constituting aggravated robbery with a one year firearm specification.
>
> With respect to the felonious assault that the defendant caused serious physical harm to Carl Kuntz by hitting him with the bat. He caused a broken orbital socket and a brain hemorrhage in Carl Kuntz.
>
> With respect to the grand theft that the defendant stole Carl Kuntz's Remington 12 gauge semiautomatic shotgun, a firearm. He took that without the consent of Carl Kuntz and likewise he took without the consent of Carl Kuntz 45 unit [doses] of 10 milligram Valium, a schedule IV substance.

2

The trial court accepted appellant's plea and found him guilty. The judge ordered a presentence investigation report ("PSI") in which appellant provided his version of events.

{¶4} The matter proceeded to sentencing on October 18, 2017. The trial court heard from defense counsel, appellant, and Mr. Kuntz's mother. The prosecutor also addressed the court and outlined the harm appellant inflicted on Mr. Kuntz. The prosecutor explained appellant attacked Mr. Kuntz with an aluminum bat and demanded his keys. Mr. Kuntz suffered "a severe laceration to his head, a broken orbital socket, [and] bleeding on the brain" as a result of the attack. After attacking Mr. Kuntz, appellant took Mr. Kuntz's "308, the rifle, his 22 long rifle, 22 handgun, two shotguns, a muzzle loader, BB gun and a Samurai sword." Appellant pawned the firearms in Columbus, and Mr. Kuntz paid the pawn shop $460 to retrieve them. After hearing the statements, the trial court sentenced appellant to eight years in prison on Count 3; six years in prison on Count 5, to be served concurrently with Count 3; twenty-four months in prison on Count 8, to be served consecutively to Count 3; and twelve months in prison on Count 14, to be served consecutively to Counts 3 and 8. The trial court ordered appellant to serve an additional mandatory prison term of one year for the firearm specification, to be served prior and consecutively to the above prison terms, resulting in an aggregate prison term of twelve years. The trial court ordered 162 days of credit for time served. Appellant was also ordered to pay restitution to Mr. Kuntz in the amount of $1,310.00 and to have no contact with Mr. Kuntz. The trial court further notified appellant that after prison, he would serve five years of post-release control. The trial court's judgment entry of sentence was filed October 20, 2017.

**{¶5}** Appellant noticed a timely appeal. He raises one assignment of error:

> The trial court committed plain error to the prejudice of the defendant-appellant when it failed to merge his convictions for aggravated robbery, grand theft and theft of drugs, in violation of his rights against double jeopardy under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

**{¶6}** Appellant argues his convictions for Aggravated Robbery, Grand Theft, and Theft of Drugs should have merged, as allied offenses of similar import, for purposes of sentencing.

**{¶7}** R.C. 2941.25 "incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶7. "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

**{¶8}** "The determination whether an offender has been found guilty of allied offenses of similar import 'is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct,' and 'an offense may be committed in a variety of ways.'" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶18, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶26, ¶30.

4

**{¶9}** "When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import[.]" *Ruff, supra,* at ¶24, citing R.C. 2941.25(B). "As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when the defendant's conduct supports multiple offenses:

(1) Were the offenses dissimilar in import or significance?
(2) Were they committed separately? and
(3) Were they committed with separate animus or motivation?

*Id.* at ¶31; *see also id.* at ¶13, citing *State v. Moss,* 69 Ohio St.2d 515, 519 (1982). "An affirmative answer to any of the above will permit separate convictions." *Id.* at ¶31.

**{¶10}** Appellant failed to seek merger of his convictions as allied offenses of similar import in the trial court. Our review is therefore limited to correcting plain error. *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, ¶22. Appellant has the burden to show "'an error, *i.e.*, a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings[.]'" *Id.*, quoting *State v. Barnes,* 94 Ohio St.3d 21, 27 (2002). The error must have also affected appellant's substantial rights, and appellant "is therefore required to demonstrate a reasonable *probability* that the error resulted in prejudice[.]" *Id.*, citing *United States v. Benitez,* 542 U.S. 74, 81-83 (2004) (emphasis sic).

**{¶11}** Pursuant to R.C. 2941.25(A), the trial court's duty to merge counts for allied offenses of similar import at sentencing "is mandatory, not discretionary," and "[a] defendant's plea to multiple counts does not affect the trial court's duty to merge those

5

allied counts at sentencing." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶26 (citations omitted). Further, a defendant is always prejudiced by the failure to merge allied offenses of similar import "by having more convictions than are authorized by law," even in cases where the sentences are ordered to be served concurrently. *Id.* at ¶31 (citations omitted). Therefore, to establish the trial court committed plain error by failing to merge counts at sentencing, an appellant must demonstrate a reasonable probability that he has been convicted of allied offenses of similar import. *See Rogers*, *supra*, at ¶25.

{¶12} Appellee, the state of Ohio, argues that in order to demonstrate he was prejudiced, appellant must show that but for the alleged error, he would not have pled guilty. In support, the state cites to *State v. Devai*, 11th Dist. Ashtabula No. 2012-A-0054, 2013-Ohio-5264, ¶18 ("In the context of a guilty plea, [plain error] means that, but for the alleged error, the defendant would not have pled guilty."). In *Devai*, the defendant argued the trial court's failure to engage in a merger analysis was plain error, but did not argue that any of his convictions were, in fact, allied offenses of similar import. *Id.* at ¶29. Further, we ultimately engaged in a merger analysis and determined the record contained facts showing the offenses were committed separately and could not merge. *Id.* at ¶43. Thus, we can rely on *Devai* for the conclusion that prejudice is established when it is shown that a trial court failed to merge allied offenses of similar import, not merely by showing that the trial court failed to engage in the merger analysis. We therefore conclude that the issue raised in *Desai* is distinguishable from that raised in the case sub judice, and the outcome of each does not affect the other.

6

{¶13} We proceed to a review of whether the trial court committed plain error by failing to merge allied offenses of similar import at appellant's sentencing.

{¶14} Appellant's Aggravated Robbery conviction was based on R.C. 2911.01(A)(1), which provides, in pertinent part: "No person, in attempting or committing a theft offense, * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate the offender possesses it; or use it[.]"

{¶15} Appellant's convictions for Grand Theft and Theft of Drugs were both based on R.C. 2913.02(A)(1), which states, in pertinent part: "No person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent[.]"

{¶16} Appellant maintains the offenses were committed in one single continuous transaction during which he used an aluminum bat to attack one victim in order to steal various items from the victim. Appellant argues, therefore, that the offenses should have merged at sentencing.

{¶17} However, the facts in the record, as outlined in the PSI and the statements made by the prosecutor at appellant's plea and sentencing hearings, reasonably support that the offenses of Aggravated Robbery, Grand Theft, and Theft of Drugs were committed separately. Appellant hit Mr. Kuntz with the aluminum bat in order to take his gun. At that point, under R.C. 2911.01(A)(1), the offense of Aggravated Robbery was complete. After Mr. Kuntz was knocked out and appellant had taken the gun, appellant went to the closet and took the other firearms, including the Remington shotgun. The

offense of Grand Theft was complete. At some point, although the timing is unclear from the record, appellant also took the Valium pills and completed the offense of Theft of Drugs. The record supports a conclusion that each offense was committed separately.

{¶18} Further, the offenses were dissimilar in import or significance. "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff*, *supra*, at paragraph two of the syllabus. The state established the harm resulting from each offense was separate and identifiable, to wit: Mr. Kuntz suffered a severe laceration to his head, a broken orbital socket, and bleeding on the brain as a result of the Aggravated Robbery; Mr. Kuntz had to pay the pawn shop in Columbus in order to retrieve the shotgun; and the Theft of Drugs deprived Mr. Kuntz of his anxiety medication.

{¶19} The facts in the record reasonably support a conclusion that the offenses were committed separately and were dissimilar in import or significance. Therefore, we find no plain error.

{¶20} Appellant's sole assignment of error is without merit.

{¶21} Although this issue was not raised on appeal, we find it was plain error for the trial court to impose a no-contact order as part of appellant's sentence. In *State v. Anderson*, the Ohio Supreme Court determined a no-contact order is a community control sanction, and the felony sentencing statutes require that the trial court impose either a prison term or community control sanctions for each felony offense. 143 Ohio St.3d 173, 2015-Ohio-2089, ¶17 & ¶31.

8

{¶22} Here, appellant entered a guilty plea to four felonies of varying degrees. As part of appellant's sentence, in addition to imposing a prison term for each offense to which appellant entered a plea of guilty, the trial court ordered appellant to have no contact with Mr. Kuntz. Because this portion of the sentence is not authorized by law as explained in *Anderson,* we modify the sentence by vacating the no-contact order and affirm appellant's sentence as modified.

{¶23} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is modified and affirmed as modified.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.