[Cite as *State v. Colburn*, 2018-Ohio-5180.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-071** |
| RYAN COLBURN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 001328.

Judgment: Modified and affirmed as modified.

*Charles Coulson*, Lake County Prosecutor, and *Karen Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles Grieshammer*, Lake County Public Defender, and *Vanessa Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Ryan Colburn, appeals from the May 7, 2018 judgment of the Lake County Court of Common Pleas, sentencing him to prison for gross sexual imposition, labeling him a Tier II Sex Offender, and imposing a no-contact order with the victim or the victim's mother following a guilty plea. On appeal, appellant argues the trial court erred in sentencing him to 96 months in prison and imposing a no-contact

order. For the following reasons, the judgment of the trial court is modified and affirmed as modified.

{¶2} On February 26, 2018, appellant was charged by way of information on two counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4). The charges resulted from appellant having had sexual contact with a minor on two occasions. On March 21, 2018, appellant filed a waiver of indictment and a written plea of guilty to both charges. The trial court accepted appellant's guilty plea five days later.

{¶3} On May 7, 2018, the trial court sentenced appellant to two consecutive prison terms of 48 months each for a total of 96 months in prison. The court also labeled appellant a Tier II Sex Offender and imposed a no-contact order with the victim or the victim's mother. Appellant filed this appeal and raises the following two assignments of error:

{¶4} "[1.] The trial court erred by sentencing the defendant-appellant to 96 months in prison.

{¶5} "[2.] The trial court erred in imposing a no-contact order."

{¶6} In his first assignment of error, appellant argues the trial court erred in sentencing him to 96 months in prison, where its findings under R.C. 2929.12 were not supported by the record.

{¶7} "'(T)his court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.' *State v. Hettmansperger,* 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. R.C. 2953.08(G) provides, in pertinent part:

**{¶8}** "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶9}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶10}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶11}** "(b) That the sentence is otherwise contrary to law."

**{¶12}** Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

**{¶13}** R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender * * * using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct

3

and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶14} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

{¶15} At the sentencing hearing, the trial court considered the purposes and principles of felony sentencing in arriving at a just sentence together with the seriousness and recidivism factors and balanced those factors and considered all relevant factors as well as the degree and type of felony; the court found the sentence proportional to appellant's conduct as well as consistent with similarly situated offenders; the court took appellant's statements, the victim impact statement, appellant's mental health history, appellant's sex offender evaluation, and Dr. Rinsberg's (the court psychologist) report into account; the court considered the state's and defense counsel's arguments; and the court considered appellant's prior criminal history, as well as the PSI, and the entire record.

4

{¶16} Specifically, the trial court engaged in the following, detailed analysis of the R.C. 2929.12 seriousness and recidivism factors before imposing appellant's sentence:

{¶17} "THE COURT: I've also considered the factors for seriousness and recidivism in R.C. 2929.12(B) through (E) the factors that make this more serious. This was exacerbated by the age of the victim being as near as we can tell 5 years of age. And I find that the victim suffered at least, at the very least psychological harm. I also find that the offender held a position of trust. This was your nephew, you were put in the position to be in charge of him on these occasions or at least on some occasions and you took advantage of that charge. You used that position to facilitate this offense that being your relationship with him.

{¶18} "Under factors that indicate the conduct is less serious I don't find any that are applicable.

{¶19} "Under factors that indicate recidivism is more likely there is a number of adjudications and criminal convictions as a juvenile. There is an inducing panic that I believe Miss Linden, you were speaking of.

{¶20} "[ASSISTANT PROSECUTOR]: Yes, Your Honor.

{¶21} "THE COURT: Which I don't get that from the report I get that from your statement. I see inducing a panic, a misdemeanor of the first degree in March of 2010 and I'm alarmed by what the facts of that were. Disorderly in '13 in Juvenile, a domestic violence in Juvenile Court with a probation violation and there is the endangering children as an adult in '15 and then this on (sic) offense.

**{¶22}** "Under, you know there is a catchall in the statute for any other factors that indicate recidivism is more likely and one thing that strikes me is your inability, if I believe your statement that you knew it was wrong then something that indicates recidivism is more likely you didn't stop. So as I said earlier you either knew it was wrong and didn't stop until you were prompted to stop by the 5 year old or you just didn't know it was wrong when you did it. Either way it ain't good because that's a factor that leads me to believe recidivism is more likely.

**{¶23}** "Under less likely I don't find any that are applicable.

**{¶24}** "So these cases are very concerning because these offenses to me are the worse almost, in the spectrum of offenses the worse form of the offense. You're taking sexual advantage of a 5 year old who has not the least ability to do anything for himself." (Sentencing T.p. 27-30).

**{¶25}** Although appellant expressed some remorse, the trial court's main concern was to protect the public from future crimes:

**{¶26}** "THE COURT: So how do I protect the public from future crimes in this case by this offender because that's my main concern because Mr. Colburn seemingly did not stop until he was prompted by a question from the 5 year old and the report indicates, despite what Mr. Colburn says today, that it was as a result of touching the victim and twice and humping the child 20 to 30 times. He indicates to Dr. Rinsberg that he engaged in what he did with the 5 year old because it just felt good and he couldn't stop. I didn't want to stop, it felt good. So there seems to be a lack of recognition, well, it's one of two things a lack of recognition that it was wrong so you continued engaging in that behavior or the acknowledgment that it was wrong was as Mr. Colburn said today

6

with the inability to stop and that to some extent according to Mr. Colburn it was fueled by the medications and his mental health conditions. As Dr. Rinsberg noted it's unusual that there not be some diagnosis of Autism if this, at this stage of your life this is usually diagnosed significantly earlier." (Sentencing T.p. 27).

{¶27} Also, in its May 7, 2018 judgment, the trial court indicated it had considered the record, oral statements, the PSI, and the victim impact statement, based upon the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism sentencing factors under R.C. 2929.12 before imposing sentence.

{¶28} Accordingly, the record reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12, as evidenced from the record.

{¶29} Appellant was sentenced to two consecutive prison terms of 48 months on each count of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4), following a guilty plea. Thus, the court sentenced appellant within the statutory range under R.C. 2929.14(A)(3)(a) ("For a felony of the third degree that is a violation of section * * * 2907.05 * * * the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.")

{¶30} Further, the record reveals the court properly advised appellant regarding post release control. Therefore, the court complied with all applicable rules and statutes. As a result, we do not find by clear and convincing evidence that the record does not support appellant's sentence or that the sentence is contrary to law.

{¶31} Appellant's first assignment of error is without merit.

{¶32} In his second assignment of error, appellant contends the trial court erred in also imposing a no-contact order. The state agrees.

{¶33} In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, the Ohio Supreme Court determined a no-contact order is a community control sanction, and the felony sentencing statutes require that the trial court impose *either* a prison term *or* community control sanctions for each felony offense. (Emphasis added.) *Id.* at ¶17, 31.

{¶34} Here, appellant entered a guilty plea to two felony counts of gross sexual imposition. As part of appellant's sentence, in addition to imposing a prison term for each offense to which appellant entered a guilty plea, the trial court also ordered appellant to have no contact with the victim or the victim's mother. Because this portion of the sentence is not authorized by law as explained in *Anderson,* we modify the sentence by vacating the no-contact order and affirm appellant's sentence as modified. *See State v. Gray*, 11th Dist. Lake No. 2017-L-152, 2018-Ohio-3326, ¶21-23.

{¶35} Appellant's second assignment of error has merit.

{¶36} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is modified and affirmed as modified.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.