[Cite as *State v. Caserta*, 2019-Ohio-1798.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28300 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3192 |
| | : | |
| DAVID LEE CASERTA | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of May, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

WILBURN L. BAKER, Atty. Reg. No. 0076844 and ANNA S. FISTER, Atty. Reg. No. 0076531, 1423 Research Park Drive, Beavercreek, Ohio 45432
        Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, David Lee Caserta, appeals from a judgment of the Montgomery County Court of Common Pleas, which convicted him of one count of felonious assault after he entered a guilty plea. Specifically, Caserta challenges his sentence. In support of his appeal, Caserta contends that his sentence is contrary to law because the trial court imposed both a prison term and a community control sanction for his offense. The community control sanction at issue was an order for Caserta to have no contact with the victim. The State concedes that Caserta's sentence is contrary to law. We agree. Because Caserta's sentence is contrary to law, the judgment of the trial court will be modified to vacate the no contact order, and the judgment will be affirmed as modified.

### Facts and Course of Proceedings

{¶ 2} On January 14, 2019, Caserta entered a negotiated guilty plea to one count of felonious assault with a deadly weapon in violation of R.C. 2903.11(A)(2). After accepting Caserta's guilty plea, on January 30, 2019, the trial court sentenced Caserta to two years in prison. In addition to prison, the trial court ordered Caserta to have no contact with the victim while he was incarcerated. Caserta thereafter filed the instant appeal with regard to his sentence, raising one assignment of error for review.

### Assignment of Error

{¶ 3} Under his sole assignment of error, Caserta contends that his sentence is contrary to law because the trial court was not authorized to impose both a prison term

and a no contact order for his felonious assault offense. The State concedes error. We agree that Caserta's sentence is contrary to law.

**{¶ 4}** When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

**{¶ 5}** Sentences are "contrary to law" when they do not fall within statutory ranges for offenses or when the trial court fails to consider "the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.), citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

**{¶ 6}** " '[C]urrent felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions

on each count.' " *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 23, quoting *State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21 (3d Dist.) (Other citations omitted.)   As a result, the Supreme Court of Ohio has held that "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions."   *Id.* at ¶ 31.

{¶ 7} Many courts, including the Supreme Court of Ohio, have recognized that a no-contact order is a community control sanction.   *Id.* at ¶ 17, citing *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 55; *State v. Schwartz*, 6th Dist. Wood No. WD-12-060, 2013-Ohio-3958, ¶ 9-12; *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, ¶ 11; *State v. Simms*, 12th Dist. Clermont No. CA2009-02-005, 2009-Ohio-5440, ¶ 25; *State v. Loveless*, 2d Dist. Champaign No. 2002 CA 16, 2002-Ohio-5380, ¶ 18.

{¶ 8} In *Anderson*, the trial court imposed a prison term for each of the defendant's rape and kidnapping offenses.   *Id.* at ¶ 2.   The trial court also ordered the defendant to have no contact with the victim.   *Id.*   The Supreme Court of Ohio held that "[b]ecause a court cannot impose a prison term and a community-control sanction for the same offense, and no exception allows otherwise, * * * the trial court erred in imposing the no-contact order."   *Id.* at ¶ 32.   Therefore, the Supreme Court ordered the no-contact order to be vacated.   *Id.*

{¶ 9} The present case is analogous to *Anderson*.   Here, the trial court imposed a two-year prison term for felonious assault and ordered Caserta to have no contact with the victim.   As previously discussed, Ohio's felony sentencing statutes require the trial

court to impose either a prison term or community control sanctions, such as a no contact order, for the same offense. Therefore, Caserta's sentence is contrary to law and must be modified to vacate the no contact order.

{¶ 10} Caserta's assignment of error is sustained.

## Conclusion

{¶ 11} Having sustained Caserta's assignment of error, the judgment of the trial court is modified to vacate the no contact order and the judgment is affirmed as modified.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Wilburn L. Baker
Anna S. Fister
Hon. Mary Katherine Huffman