[Cite as *State v. Jordan*, 2020-Ohio-3928.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :          Case No. 19CA1105

    vs.                          :

                                 :          DECISION AND
LAWRENCE JORDAN,                        :          JUDGMENT ENTRY

    Defendant-Appellant.         :

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for Appellant.

David Kelley, Adams County Prosecutor, and Kris. D. Blanton, Assistant Adams
County Prosecutor, West Union, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Appellant, Lawrence Jordan, was convicted and sentenced by the trial court after he entered a guilty plea to one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(2). On appeal, Jordan contends 1) that the trial court erred to his prejudice by sentencing him to prison for a term of incarceration and also issuing a no-contact order; and 2) that the trial court erred by imposing a ten-year prison sentence that was not supported by the record.

{¶2} Because the Supreme Court of Ohio has clearly stated that a no-contact order is a community control sanction and that a trial court is prohibited from imposing a prison term and a community control sanction for the same offense, Jordan's first assignment of error is sustained. Thus, the no-contact-order portion of his sentence is hereby vacated. However, because we conclude that Jordan has failed to demonstrate by clear and convincing evidence that his prison sentence is not supported by the record or is otherwise contrary to law, his second assignment of error is overruled. Accordingly, the judgment of the trial court is vacated in part and affirmed in part.

## FACTS

{¶3} On October 22, 2019, Jordan entered into a negotiated guilty plea to one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(2), in exchange for the dismissal of two additional felony counts: Count one, rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b), which alleged Jordan engaged in sexual conduct with a minor under the age of thirteen; and Count three, gross sexual imposition, a third-degree felony in violation of R.C. 2907.05(A)(4), which alleged Jordan had sexual contact with a minor under the age of thirteen. Jordan pled guilty to Count two of the indictment, which alleged he engaged in sexual conduct with a minor and did so by purposely compelling the minor to submit by force or threat of force.

{¶4} The allegations of the indictment all related to the same minor, the child of Jordan's girlfriend, and stemmed from an incident that occurred between December 22, 2018, and December 24, 2018. Although Jordan initially denied any wrongdoing when he was first interviewed, he later admitted that while the child was laying in the bed next to him, he "started rubbing her on her panties" and then a few minutes after that he began to "rub inside of her panties." He further admitted that he intentionally and purposely used his finger to minimally penetrate her vagina, knowing that she was only eleven years old. He admitted that he used force by having his arm around the child and holding her in position.

{¶5} After accepting Jordan's plea, on November 12, 2019, the trial court sentenced Jordan to ten years in prison. In addition to the prison term, the trial court ordered Jordan to have no contact with the victim or the victim's family. Defense counsel objected to the no-contact order, arguing the court was prohibited from imposing both a prison term and a no-contact order. The trial court duly noted the objection and also noted that defense counsel was "legally correct." Nevertheless, the trial court overruled the objection and expressed its disagreement with the idea that a defendant should be able to contact a victim. The trial court stated "[t]his may be an opportunity to revisit, um, that ideology." Thereafter, Jordan filed his timely appeal, setting forth two assignments of error for our review.

ASSIGNMENTS OF ERROR

I.    THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. JORDAN BY SENTENCING HIM TO PRISON FOR A TERM OF INCARCERATION, AND ISSUING A NO-CONTACT ORDER.

II.   THE TRIAL COURT ERRED BY IMPOSING A TEN-YEAR PRISON SENTENCE THAT WAS NOT SUPPORTED BY THE RECORD."

ASSIGNMENT OF ERROR I

{¶6} In his first assignment of error, Jordan contends the trial court erred to his prejudice by sentencing him to prison for a term of incarceration and also issuing a no-contact order. Jordan argues that the sentence imposed by the trial court is contrary to law because it is unlawful for a trial court to impose a both a prison sentence and a no-contact order for the same offense. Despite the fact that the trial court conceded below that imposing both a prison term and a no-contact order for the same offense was prohibited, it still imposed both. On appeal, the State urges this Court not to follow binding precedent of the Supreme Court of Ohio on this legal issue, arguing that "the abilities of those incarcerated within the Ohio Department of Corrections to make contact with the outside world has significantly increased" since the Supreme Court of Ohio spoke on this issue. Because Jordan argues that his felony sentence is contrary to law, we begin with a look at the standard of review that appellate courts must apply when reviewing felony sentences.

## Standard of Review

{¶7} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Graham*, 4th Dist. Adams No. 17CA1046, 2018-Ohio-1277, ¶ 13, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 22-23. Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Moreover, although R.C. 2953.08(G)(2)(a) does not mention R.C. 2929.11 and 2929.12, the Supreme Court of Ohio has determined that the same standard of review applies to those statutes. *Graham*, *supra*, at ¶ 14, citing *Marcum* at ¶ 23 (although "some sentences do not require the findings that R.C. 2953.08(G)[2][a] specifically addresses[,] * * * it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C.

2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court"); *State v. Butcher*, 4th Dist. Athens No. 15CA33, 2017-Ohio-1544, ¶ 84. Consequently, "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23; *Butcher* at ¶ 84; *see also State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.) (court of appeals recently resolved intradistrict conflict by applying *Marcum* at ¶ 23 to hold that appellate courts can review the record to determine whether the considerations set forth in R.C. 2929.11 and 2929.12 support a sentence).

{¶8} " 'Once the trial court considers R.C. 2929.11 and 2929.12, the burden is on the defendant to demonstrate by clear and convincing evidence that the record does not support his sentence.' " *Graham*, *supra*, at ¶ 15, quoting *State v. Akins-Daniels*, 8th Dist. Cuyahoga No. 103817, 2016-Ohio-7048, ¶ 9; *State v. O'Neill*, 3d Dist. Allen No. 1-09-27, 2009-Ohio-6156, ¶ 9, fn. 1 ("The defendant bears the burden to demonstrate, by clear and convincing evidence, that the sentence is *not supported* by the record, that the sentencing statutes' procedure was not followed, or there was *not* a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law."); *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 5 ("because [appellant] failed to establish by clear

and convincing evidence either that the record does not support the trial court's findings or that the sentence is otherwise contrary to law, these assignments of error are meritless."). "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

Legal Analysis

{¶9} " '[C]urrent felony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count.' " *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 23, quoting *State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21 (3d Dist.) (Other citations omitted.) Further, the Second District Court of Appeals has recently explained as follows:

> * * * the Supreme Court of Ohio has held that "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must

impose *either* a prison term *or* a community-control sanction or sanctions."

*State v. Caserta*, 2d Dist. Montgomery No. 28300, 2019-Ohio-1798, ¶ 6, quoting *State v. Anderson* at ¶ 31.

{¶10} Moreover, as noted in *Caserta*, "[m]any courts, including the Supreme Court of Ohio, have recognized that a no-contact order is a community control sanction." *Caserta* at ¶ 7, citing *Anderson* at ¶ 17, in turn citing *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 55; *see also State v. Schwartz*, 6th Dist. Wood No. WD-12-060, 2013-Ohio-3958, ¶ 9-12; *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, ¶ 11; *State v. Simms*, 12th Dist. Clermont No. CA2009-02-005, 2009-Ohio-5440, ¶ 25; *State v. Loveless*, 2d Dist. Champaign No. 2002CA16, 2002-Ohio-5380, ¶ 18. For example, in *Anderson* the trial court sentenced the defendant to prison terms on both his rape and kidnapping offenses. *Anderson* at ¶ 2. The trial court also ordered that Anderson have no contact with the victim. *Id.* Upon review, however, the Supreme Court of Ohio vacated the no-contact order portion of the sentence, holding that "[b]ecause a court cannot impose a prison term and a community-control sanction for the same offense, and no exception allows otherwise, * * * the trial court erred in imposing the no-contact order." *Id.* at ¶ 32.

{¶11} In light of the *Anderson* holding, the *Caserta* court found that the imposition of both a no-contact order and a prison sentence for the same offense was contrary to law and, as such, the court modified the sentence to vacate the no-contact order. *Caserta* at ¶ 9. The Eleventh District Court of Appeals has interpreted *Anderson* to require the same result. *See State v. Colburn*, 11th Dist. Lake No. 2018-L-071, 2018-Ohio-5180, ¶ 34. Even prior to the release of the *Anderson* decision, the Third District Court of Appeals vacated a no-contact order portion of a sentence based upon its holding that a no-contact order is a form of community control and, further, that " 'community control sanctions and prison terms are mutually exclusive and cannot be imposed at the same time on the same count of conviction.' " *State v. Walton*, 3d Dist. Wyandot Nos. 16-12-13, 16-12-14, 2013-Ohio-2147, ¶ 7-8, quoting *State v. Hartman*, 3d Dist. Van Wert No. 15-10-11, 2012-Ohio-874, ¶ 7 and R.C. 2929.19(B).

{¶12} In light of the foregoing, we conclude the *Anderson* holding is dispositive of the issue raised in the present appeal and mandates that we sustain Appellant's first assignment of error. The trial court was not permitted to impose both a prison sentence and a no-contact order upon Jordan for a single rape offense. Thus, the sentence imposed by the trial court was contrary to law. Although we understand the trial court's frustration and acknowledge the State's concerns with respect to the advances in technology which permit access to victims

by those who are incarcerated, we are bound by the precedent set by the Supreme

Court of Ohio on this legal issue. Accordingly, consistent with the holding in *State*

*v. Anderson*, *supra*, we hereby modify the judgment of the trial court by vacating

the no-contact portion of Jordan's sentence.

## ASSIGNMENT OF ERROR II

{¶13} In his second assignment of error, Jordan contends the trial court

erred by imposing a ten-year prison sentence that was not supported by the record.

Although he concedes that the ten-year prison sentence was within the statutory

range for the offense, he argues it was excessive based upon the record in this case.

The State points to the fact that the sentence imposed was within the statutory

range and argues there is nothing in the record to indicate the trial court neglected

to follow the dictates of R.C. 2929.11 and 2929.12. Thus, the State argues Jordan

has failed to demonstrate by clear and convincing evidence that the ten-year prison

sentence is not supported by the record or is otherwise contrary to law.

{¶14} As set forth above, we have already determined that the no-contact

order that was imposed upon Jordan was contrary to law. As such, it has been

vacated. The portion of the sentence that now remains is the ten-year prison

sentence, which Appellant claims was excessive. We apply the same standard of

review set forth under our analysis of Jordan's first assignment of error to the

argument raised under this assignment of error.

{¶15} During the sentencing hearing, in mitigation of punishment, defense counsel argued that although Jordan had a prior criminal history, all the charges were misdemeanors.  Counsel also noted that Jordan had been employed by the same employer for twenty-two years at the time of his arrest.  Counsel further argued that Jordan's criminal conduct did not constitute the worst form of the offense because Jordan only minimally penetrated the child's vagina with his finger.

{¶16} However, the record before us indicates that Jordan pled guilty and was sentenced on a first-degree felony rape charge that involved a minor child under the age of thirteen which also involved the use of force.  The child was the eleven-year-old daughter of Jordan's girlfriend.  She had crawled into bed with Jordan and her mother after sleeping most of the night in another room.  According to Jordan's own admission, when the child laid her head on his shoulder to try to go back to sleep, Jordan took that opportunity to digitally penetrate the child's vagina while using his arm to hold her in place.  The encounter lasted several minutes.

{¶17} In addition to considering all of the principles and purposes of felony sentencing as applied to the facts before it, the trial court took into consideration a pre-sentence investigation report and listened to victim impact statements that were read in open court.  The statements, which were written by the minor child and

both of her parents, detailed the emotional trauma the child had endured since the offense occurred. Prior to imposing sentence the judge made several statements regarding his experience dealing with victims of sexual abuse, commenting that such abuse results in damage that lasts into adulthood. The trial court acknowledged that the maximum sentence for the offense was an eleven-year prison term and stated that because Jordan admitted to the offense, he would not impose the maximum. The court further noted, however, that Jordan exhibited no remorse. The trial court was clearly frustrated by the fact that Jordan failed to mention the harm done to the child when he made his statement at sentencing, instead only apologizing to his family for putting them through these events.

{¶18} Although Jordan concedes on appeal that the prison term imposed by the trial court was within the statutory range, he argues that "the trial court did not adequately consider the statutory sentencing factors." Contrary to Jordan's argument, however, the trial court expressly stated that it considered the principles and purposes of felony sentencing contained in R.C. 2929.11 and 2929.12 and it went through each sentencing factor on the record. It appears the court placed great weight on certain factors. For instance, the trial court found that the injury to the victim was worsened by the physical or mental condition or age of the victim, noting that the victim was only eleven years old at the time. The court also noted Jordan had five prior misdemeanor criminal convictions and that he demonstrated

no remorse, "let alone genuine remorse[,]" for the current offense. The court further noted that Jordan held a position of trust as to the child in that he was "the trusted boyfriend of the mother." The court also found that "[t]he relationship with the victim [] facilitated the offense that fin [sic] was dating the victim's mother at the time of the incident." Finally, the trial court specifically referenced the fact that the Ohio Risk Assessment System indicated Jordan had a low risk of re-offending, but it appears the court placed more emphasis on the harm done to the victim than the risk of recidivism.

{¶19} Despite the fact that it made several findings during the sentencing hearing, the trial court had no obligation to make specific findings concerning the various seriousness and recidivism factors contained in R.C. 2929.11 and 2929.12. *See State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-4458, ¶ 10, citing *State v. Robinson*, 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 38 ("[T]he trial court was not required to make findings or give reasons for imposing more than the minimum sentence."). Furthermore, this Court has observed as follows regarding the deferential review that applies to felony sentencing:

> "It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that '[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a

practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review."

*State v. Pierce* at ¶ 8, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21.

{¶20} In light of the foregoing, we cannot conclude that Jordan has met his burden of demonstrating by clear and convincing evidence that the record does not support his ten-year prison sentence for a first-degree felony rape conviction that involved the use of force on an eleven-year-old minor. Nor can we conclude that the prison sentence is contrary to law. Accordingly, this assignment of error is overruled and the prison sentence imposed by the trial court is affirmed.

## CONCLUSION

{¶21} Having sustained Jordan's argument that the no-contact portion of his felony sentence was contrary to law, this Court has modified the judgment of the

trial court to vacate the no-contact order.  However, having found no merit

Jordan's argument that his ten-year prison sentence was excessive, the remaining

portion of Jordan's sentence is affirmed, as are all other aspects of the trial court's

judgment.

**JUDGMENT VACATED IN PART AND AFFIRMED IN PART.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE VACATED IN PART AND AFFIRMED IN PART and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, A.J., Concurs in Judgment and Opinion.

Abele, J., Concurs in Judgment and Opinion with Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**